[No. 43467. En Banc. May 29, 1975.]

THE STATE OF WASHINGTON, on the Relation of Robert E. Schillberg, Appellant, v. CHARLES R. MORRIS, as Secretary of the Department of Social and Health Services, et al, Respondents.

Robert E. Schillberg, Prosecuting Attorney, and David G. Metcalf, Deputy, for appellant.

Slade Gorton, Attorney General, and William C. Collins, Assistant, for respondents.

BRACHTENBACH, J.—The sole issue here is whether the sexual psychopathy act, RCW 71.06, authorizes the superior court to order confinement of a defendant in a state hospital for observation as to the existence of sexual psychopathy, prior to the hearing and determination of the underlying sex crime charged.

The facts are stipulated. A defendant was charged with incest and the prosecuting attorney, pursuant to RCW

71.06.020, filed a petition in the criminal proceeding alleging the defendant to be a sexual psychopath. The Snohomish County Superior Court ordered the defendant confined to a state hospital for observation as to the existence of sexual psychopathy. The hospital director refused to comply with the order, relying upon the Attorney General's opinion that no statutory authority exists for such observation before a court hears and determines the criminal charge. The prosecuting attorney then initiated this action in Thurston County seeking declaratory relief and alternatively mandamus. The trial court dismissed the action. We affirm.

RCW 71.06 provides that a prosecuting attorney may file a petition in a criminal proceeding relating to a sex offense, alleging the defendant is a sexual psychopath. Upon the filing of such a petition, the court conducts a preliminary hearing for the purpose of determining whether or not there are reasonable grounds to believe that the defendant is a sexual psychopath. If the court finds such grounds, the court orders the defendant to be confined at a state hospital for observation as to the existence of sexual psychopathy, the period of observation not to exceed 90 days. Upon completion of the observation period, the superintendent of the hospital files in the court a report of the findings as to whether or not the defendant is a sexual psychopath. The court then conducts a second hearing to determine whether or not the defendant is a sexual psychopath.

Within this general framework, and after filing of the allegation of sexual psychopathy, RCW 71.06.030 provides in part:

> The court shall proceed to hear the criminal charge. If the defendant is convicted or has previously pleaded guilty to such charge, judgment shall be pronounced, but the execution of the sentence may be deferred or suspended, as in other criminal cases, and the court shall then proceed to hear and determine the allegation of sexual psychopathy.

While it is clear that a hearing on the criminal charge

must precede the court's final determination as to sexual psychopathy, appellant contends that the preliminary hearing and initial observation need not be postponed until after determination of the criminal matter.

■ We do not agree with appellant's reading of the statute. Two changes in RCW 71.06 were made by a 1967 amendment. Where the former language of RCW 71.06.030 provided that the court *may* proceed to hear the criminal charge upon the filing of a sexual psychopathy petition, the present language is that the court *shall* proceed with the criminal matter. RCW 71.06.060 formerly provided that where the defendant was found not to be a sexual psychopath, "the court shall order the sentence to be executed, *or may proceed to hear the criminal charge . . .*" (Italics ours.) The italicized portion of the statute was deleted by the 1967 amendment. We believe that these changes indicate a legislative intent that disposition of the criminal charge must precede the sexual psychopath proceeding.

The prosecuting attorney argues that certain constitutional rights of a defendant may be violated by such interpretation. He has no standing to urge this ground. *State v. Jones*, 84 Wn.2d 823, 529 P.2d 1040 (1974).

The trial court is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.