[No. 43664.    En Banc.    January 15, 1976.]

THE STATE OF WASHINGTON, *Petitioner*, v. GERALD
BARTHOLOMEW KEITH, *Respondent*.

*Robert E. Schillberg, Prosecuting Attorney,* and *Randolph Furman, Deputy,* for petitioner.

*Moschetto & Alfieri* and *Tracy L. Rosellini,* for respondent.

UTTER, J.—This court granted a writ of certiorari to review the trial court's dismissal without prejudice of a habitual criminal information and entry of judgment and sentence on the substantive crime alleged. The purpose behind the procedures adopted by the trial court was to provide for a psychiatric evaluation of respondent. We conclude that the sentence entered is invalid and the cause should be remanded for further proceedings.

On July 23, 1974, petitioner State charged respondent with rape, kidnapping and sodomy and, in a supplemental information, alleged that respondent was a habitual criminal under RCW 9.92.090. Subsequently, respondent entered a plea of guilty to the rape charge and a plea of not guilty to the habitual criminal charge. The State dismissed the other charges and withdrew its petition previously filed under the sexual psychopathy statute, RCW 71.06.

The case came on for trial in superior court on November 26, at which time respondent moved for dismissal of the habitual criminal information, or, in the alternative, for a stay of those proceedings pending the outcome of a 90-day psychiatric evaluation at Western State Hospital for determination of respondent's status as a sexual psychopath and his amenability to treatment as such. In its oral ruling on this motion, the court stated:

> I am not at all confident that . . . the sentencing judge, could make an intelligent, informed decision concerning the sentencing of this defendant without some additional insight into the question of . . . sexual psychopathy, or other information akin thereto. . . .
> [This court has] the discretion to employ the Sexual Psychopathy procedures in order to provide this Court with a firmer basis upon which to take subsequent action.

The court then stayed the habitual criminal proceeding pending examination of respondent by two psychiatrists, with their reports to be presented at a preliminary hearing on respondent's mental condition.

The preliminary hearing was held on December 20. The State's motion for reconsideration of the trial court's earlier

ruling was denied. Respondent renewed his motion to dismiss the habitual criminal information. The court then ordered dismissal of the habitual criminal allegation under CrR 8.3, stating:

> That dismissal is without prejudice to refiling upon the subsequent hearing that will be held. The sole purpose of the dismissal of that Habitual Criminal Petition is to enable the Court to direct the defendant be placed at Western State under the Sexual Psychopathy Statute. It is in no way intended to prohibit the State from a renewal of that petition.

The trial court then entered judgment and sentence on the rape charge based upon respondent's guilty plea, ordered imprisonment for a maximum term of life, and further ordered "that the execution of said sentence is hereby deferred" pursuant to RCW 9.95.210 for 90 days or such lesser period which may be necessary for a report to the court on questions of sexual psychopathy. An order of commitment was entered directing a psychiatric examination of respondent at Western State Hospital. This appeal followed and we stayed further proceedings on this cause.

Since under the circumstances of this case dismissal of the habitual criminal information under CrR 8.3 was improper, *State v. Starrish*, 86 Wn.2d 200, 544 P.2d 1 (1975), that information was still pending at the time judgment and sentence were entered. Petitioner then contends that the order of judgment and sentence is invalid because it was imposed prior to the resolution of the habitual criminal proceeding. *State ex rel. Edelstein v. Huneke*, 138 Wash. 495, 244 P. 721 (1926); *State v. King*, 18 Wn.2d 747, 750-51, 140 P.2d 283 (1943).

The *Edelstein* rule is based upon the nature of the habitual criminal proceeding. Such an allegation does not charge a separate crime, but merely prescribes an increased punishment for repeated violations. "The proceeding is cumulative; it is still a part of the original felony case." *State v. Greene*, 75 Wn.2d 519, 521, 451 P.2d 926 (1969). Because a habitual criminal information is pertinent only to sentenc-

ing, its purpose is defeated if sentencing on the underlying substantive crime occurs prior to a determination of habitual criminal status. Thus, the sentence entered December 20, 1974, is "premature and beyond the power of the court to enter." *State v. King, supra* at 751.

However, this conclusion does not affect the validity of the judgment entered that same date. The purpose of the habitual criminal proceeding is not defeated by the entry of judgment, since an enhanced sentence resulting from a determination of habitual criminality may still follow a judgment of guilt on the substantive offense.

Likewise, *State ex rel. Edelstein v. Huneke, supra,* does not affect the order of commitment entered in this case. The trial court was not required to sentence respondent on December 20, but was compelled only to impose sentence or enter an order deferring sentence without unreasonable delay. CrR 7.1 (a) (1). A delay of 90 days or less is not unreasonable when, as here, the court has committed the defendant *at his own request* to an institution for psychiatric evaluation essential to the imposition of an appropriate sentence. *See* CrR 7.1 (a) (1), CrR 3.2 (a) (1) and (7). Petitioner does not assign error to the trial court's assertion of inherent authority to order a 90-day psychiatric evaluation. *See Lutz v. Longview,* 83 Wn.2d 566, 571, 520 P.2d 1374 (1974). We note that the Department of Social and Health Services did not resist the court's order, *see State ex rel. Schillberg v. Morris,* 85 Wn.2d 382, 536 P.2d 1 (1975), and apparently the evaluation was undertaken at Western State Hospital as an accommodation to the court.

Inasmuch as the habitual criminal information is still pending and a valid sentence has yet to be entered, we remand the case for further proceedings.

HUNTER, HAMILTON, BRACHTENBACH, and HOROWITZ, JJ., and JOHNSEN, J. Pro Tem., concur.

FINLEY, J. (concurring)—I agree with what seems to me to be the basic rule or ratio decidendi of the majority opinion, namely, that the trial court erred and must be

reversed as to both (1) the dismissal of the habitual criminal charge and (2) the imposition of the sentence made by the trial court limited to the substantive charge of rape. *State v. Starrish*, 86 Wn.2d 200, 544 P.2d 1 (1975).

I cannot agree with the majority statement or dictum to the effect that the "psychiatric evaluation" of the defendant was "essential to the imposition of an appropriate sentence." After the determination and judgment of guilty by the trial court regarding the charge of rape (based upon the defendant's plea of guilty), the only appropriate question, issue or matter before the trial court was the habitual criminal charge. Its proper disposition would have been in either of two ways (a) by a hearing and a determination by the trial court or (b) by a trial before a jury. In either case, the only issue was whether the defendant had been convicted of the three felonies as alleged by the State. A psychiatric evaluation of the defendant may or may not have been desirable or appropriate for some purposes but was not relevant to the trial and disposition of the habitual criminal charge.

In sum, as I understand the majority opinion, it reverses (1) the trial court's dismissal of the habitual criminal charge and (2) the imposition of sentence by the trial court solely upon the substantive offense of rape. Thus, on remand, the habitual criminal charge will be tried by the court or, as is the defendant's right, by a jury. Upon the determination of the habitual criminal charge in either manner, an appropriate sentence will then be entered by the trial court.

On the basis of the foregoing, I concur in the majority opinion.

STAFFORD, C.J., and WRIGHT, J., concur with FINLEY, J.