[No. 46072. En Banc. February 21, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS JON
EDWARDS, *Petitioner.*

*Donald A. Greig* of *Clark County Legal Defender,* for petitioner.

*James E. Carty, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for respondent.

HICKS, J.—Edwards was charged in Clark County Superior Court with a number of crimes including rape and robbery while armed with a firearm (RCW 9.41.025), which was a deadly weapon (RCW 9.95.040(2)). Represented by counsel, he pleaded guilty to rape and robbery. The other charges were dismissed.

A lengthy statement of defendant on plea of guilty was completed. The statement was discussed in open court and Edwards acknowledged his understanding of it. In the statement, it was contemplated that he might be placed in a sexual psychopathy program, and a number of recitals were concerned with details of that possibility.

Edwards was sent to Western State Hospital for a 90–day observation period to evaluate his amenability to the sexual psychopathy program. He was not sentenced on the charges of rape and robbery to which he had pleaded guilty.

At the end of the observation period, Edwards was returned to Clark County. The trial judge, originally hearing the matter, reviewed the hospital report and determined that Edwards was a proper candidate for the sexual psychopathy program. He was committed for treatment. The commitment order stated that he was not to be released without express court order.

Though strongly pressed by his newly appointed counsel, the court refused to sentence Edwards for the crimes to which he had previously pleaded guilty. At one point the court stated:

I haven't imposed any sentence on any of these type of individuals. They go up there, complete the program, if they complete the program and have the type of recommendation that normally comes out of there, I'd say 95% of the time I follow their recommendations, but if he hasn't completed it successfully I have sent them to the Department of Institutions to serve their time.

Edwards was returned to the sexual psychopathy program at Western State Hospital where he remained for a little more than 18 months. He then escaped and was at large for several days before being apprehended.

In Pierce County Superior Court, Edwards was charged with escape in the first degree. He pleaded guilty and was sentenced to 10 years in a correctional institution.

Clark County sought revocation of Edwards' commitment order to the sexual psychopathy program. He was returned to Clark County Superior Court where a different judge heard the matter. The hearing was not as temperate as it might have been. The court ultimately sentenced Edwards to the maximum possible, two consecutive life sentences, and entered a special finding that the crimes had been committed while the perpetrator was armed with the deadly weapon.

Edwards appealed, asserting prejudice from failure to sentence him in 1975 as required by RCW 71.06.030. The Court of Appeals held, *inter alia,* the trial court "committed no error in July 1975 by failing (or in October 1975 by

refusing) to impose a specific sentence upon the defendant." *State v. Edwards,* 22 Wn. App. 352, 359, 589 P.2d 1258 (1979). The court stated that the statute did not require "in all instances" that the committing court impose a specific sentence before committing a purported sexual psychopath for observation or treatment:

> Arguably, therefore, in the case at bench, the court did, in July 1975, pronounce judgment by accepting [defendant's] pleas of guilty.

*State v. Edwards, supra* at 357.

This court granted review on the sole issue of whether the sexual psychopathy statutes require sentencing before commitment. We conclude that they do.

■■ The sexual psychopathy statutes, RCW 71.06, establish a procedure whereby the prosecuting attorney may file a petition of sexual psychopathy in a pending criminal proceeding against a person alleged to have committed a "sex offense." RCW 71.06.020. The petition is to be filed 10 days prior to the hearing on the criminal charge.[1] RCW 71.06.030 mandates the underlying criminal charge to be heard prior to the sexual psychopathy hearing:

> The court *shall proceed to hear the criminal charge.* If the defendant is convicted or has previously pleaded guilty to such charge, *judgment shall be pronounced,* but the execution of the sentence may be deferred or suspended, as in other criminal cases, and *the court shall then proceed to hear and determine the allegation of sexual psychopathy.*

(Italics ours.)

Prior to 1967 amendments, the statute provided that the court *may* proceed to hear the criminal charge upon filing of a sexual psychopathy petition. Substitution of the word "shall" for "may" has been held to indicate legislative intent to mandate preliminary disposition of criminal charges. *State ex rel. Schillberg v. Morris,* 85 Wn.2d 382,

---

[1] In the instant case, defendant waived the 10–day notice requirement of RCW 71.06.020.

384, 536 P.2d 1 (1975); *State v. Huntzinger,* 92 Wn.2d 128, 131, 594 P.2d 917 (1979).

In the instant case, there is some dispute as to whether sentencing is included in the RCW 71.06.030 requirement that "judgment shall be pronounced" prior to disposition of the sexual psychopathy petition. We hold that sentencing is included in the judgment requirement of the statute. The reasoning in *Schillberg v. Morris, supra* at 384, the 1967 amendments to RCW 71.06, the plain language of section .030, and the purposes served by this provision all mandate our holding.

Following the required sentencing, the court then considers the psychopathy petition. It may order a 90–day observation period for the defendant. At the close of that period, the court receives a written evaluation report from the hospital staff. After considering the report, the court makes its disposition:

> If said defendant is found to be a sexual psychopath, the court shall commit him [to a facility] for detention, care, and treatment of the sexual psychopath. If the defendant is found not to be a sexual psychopath, the court shall order *the sentence to be executed,* or may discharge the defendant . . .

(Italics ours.) RCW 71.06.060. *See also* RCW 71.06.091 (dispositional alternatives after treatment include returning "to serve the original sentence imposed upon him.").

In his brief before the Court of Appeals, the prosecutor acknowledged that the statutes mandated prior sentencing.

> [R]espondent concedes that the defendant should have been sentenced prior to his commitment to Western State Hospital on July 17, 1975. Respondent concedes that RCW 71.06.030 and 71.06.060 required the trial court to impose sentence prior to committing a criminal defendant to the Western State Hospital Sexual Psychopathy Program. The procedure followed by the original trial court . . . and acceded in by defendant and his counsel . . . was erroneous.

(Citations omitted.) Though acknowledging the error in sentencing, the State contends no prejudice to Edwards followed from the omission. We disagree.

 In general, prejudicial error is one which affects or presumptively affects the final result of the trial. *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968). Under CrR 7.1, sentence shall be imposed or the order deferring sentence shall be entered without "unreasonable delay."[2] Under a mistaken interpretation of the statutes, the trial court delayed sentencing for over 2 years. The nature of the custody ultimately imposed is relevant to a determination of actual prejudice. *Cf. United States v. Campbell,* 531 F.2d 1333 (5th Cir. 1976). In that connection, after reviewing the record it is inconceivable to us that imposition of sentence in July 1975 would have resulted in two life sentences to run consecutively.

We think it clear that the sentencing judge was influenced by events which occurred during the delay between the guilty plea and sentencing, *i.e.,* Edwards' 1977 escape from the treatment program. Exemplified by the court's

---

[2]Several courts have held or assumed that imposition of sentence is part of the trial for purposes of the Sixth Amendment speedy trial guaranty. *United States v. James,* 459 F.2d 443 (5th Cir. 1972), *cert. denied,* 409 U.S. 872, 34 L. Ed. 2d 123, 93 S. Ct. 202 (1972); *United States v. Sherwood,* 435 F.2d 867 (10th Cir. 1970), *cert. denied,* 402 U.S. 909, 28 L. Ed. 2d 649, 91 S. Ct. 1381 (1971); *State v. Cunningham,* 405 A.2d 706 (Del. 1979); *State v. Fennell,* 218 Kan. 170, 542 P.2d 686 (1975); *Gonzales v. State,* 582 P.2d 630 (Alaska 1978). *But see State v. Johnson,* 363 So. 2d 458 (La. 1978). There has been no final answer from the United States Supreme Court whether the Sixth Amendment speedy trial guaranty applies to the interval between conviction and sentencing, although in *Pollard v. United States,* 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957), the court assumed without deciding that the speedy trial clause applied to sentencing delays. The delay must be "purposeful or oppressive" to constitute a constitutional violation. *Pollard v. United States, supra.* Courts have applied a 4–part balancing test. *See, e.g., State v. Cunningham, supra.*

Even assuming sentencing is part of the trial for speedy trial purposes, correction of the alleged error need not upset the conviction and the most gained would be resentencing. *See Pollard v. United States, supra* at 362. *See also Brooks v. United States,* 423 F.2d 1149 (8th Cir. 1970); *United States v. Tortorello,* 391 F.2d 587 (2d Cir. 1968); *United States v. Grabina,* 309 F.2d 783 (2d Cir. 1962), *cert. denied,* 374 U.S. 836, 10 L. Ed. 2d 1057, 83 S. Ct. 1885 (1963).

expressed displeasure with petitioner's counsel's presentation at the commitment revocation and sentencing hearing, its reluctance to order a presentence report and the imposition of maximum sentences on each count to run consecutively we think fulfills any burden of demonstrating prejudice resulting from the failure to sentence in July 1975. The State's contention that Edwards waived his right to immediate sentence, we find to be without merit. We do not believe failure to apply for a writ of mandate to compel the court to perform its duty to pronounce sentence timely operates as waiver. Nor do we find a basis for waiver in the July 1975 proceedings, culminating in a guilty plea statement signed by the defendant.

If sentenced in 1975, Edwards possibly would have been precluded from entering the sexual psychopathy program because of the nature of the allegations, the plea, and the plea bargaining arrangements. Thus, the prosecutor argues that Edwards exacted a quid pro quo for the deferral of sentencing. Under RCW 9.41.025, the firearm statute, a defendant found to have committed an offense with a firearm receives a mandatory minimum sentence which may not be suspended or deferred. The prosecutor alleged in the 1975 information that Edwards committed the charged offenses with a firearm, but agreed not to request a special finding unless Edwards failed to complete the sexual psychopathy program. If sentencing had occurred in 1975, the trial court had no discretionary authority to dismiss the allegations if the prosecutor demanded the special finding. *State v. Pringle,* 83 Wn.2d 188, 517 P.2d 192 (1973). Thus, it is argued defendant could not have been committed to the sexual psychopathy program because of the mandatory minimum sentence that could not be suspended or deferred.

Waiver classically requires intentional relinquishment or abandonment of a known right or privilege. *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938). Here, the guilty plea statement examined and explained in open court did not specifically

enumerate waiver of immediate sentencing, whereas RCW 71.06.020, the 10–day mandatory service of the psychopathy petition, was specifically waived. The trial court in refusing to sentence Edwards in October 1975, following the 90–day evaluation period at Western State Hospital, based its refusal upon its general practice in RCW 71.06 cases, not upon waiver. The court did not even refer to the guilty plea statement or any of the grounds now urged by the State as a basis for waiver.

■ Edwards asserts that the proper remedy for violation of RCW 71.06.030 is to resentence him under the circumstances existing on October 16, 1975. In support of his proposed remedy, Edwards cites cases involving erroneous or improperly entered sentences, as opposed to delayed sentencing. *See, e.g., State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *Frye v. Delmore,* 47 Wn.2d 605, 288 P.2d 850 (1955). We believe the instant situation involving improperly delayed sentencing to the demonstrated prejudice of the defendant demands similar relief. Requiring corrective action in accord with circumstances existing at a prior point in time is neither unreasonable nor unprecedented. *See, e.g., Dillenburg v. Maxwell,* 70 Wn.2d 331, 413 P.2d 940 (1966).

Reversed and remanded.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., and RYAN, J. Pro Tem., concur.