[No. 8386-4-I.   Division One.   March 23, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. JESS BUNICH, *Respondent.*

*Royce A. Ferguson, Jr.,* for respondent.

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche, Deputy,* for appellant.

*Steve Scott,* amicus curiae.

CALLOW, J.—Jess Bunich is a sexual psychopath, who was conditionally released from Western State Hospital. We must decide (1) whether Bunich's release was proper or whether he should have been committed for detention, care, and treatment under RCW 71.06.060 and (2) whether Bunich unlawfully was placed twice in jeopardy for the

same offense.

Bunich was arrested in September 1978 for second degree rape; a jury found him not guilty in April 1979. Before trial, the prosecutor filed a "Petition for Determination of Sexual Psychopathy," as authorized in RCW 71.06.020. Bunich's subsequent acquittal did not suspend the hearing on the petition. *See* RCW 71.06.030. As the result of a preliminary hearing, the court found reasonable grounds to believe that Bunich was a sexual psychopath and, in August 1979, ordered him confined to the state hospital for observation in accordance with RCW 71.06.040. In November 1979, at the end of the 90–day observation period, Bunich came before the court for a final determination of his status. In January 1980, the court found Bunich to be a sexual psychopath and ordered him released on the condition that he continue therapy, maintain stable employment, refrain from alcohol and drug use, and have his therapist advise the court on his progress.

# I
## Conditional Release

On appeal, the State contends that once the trial court determined that Bunich was a sexual psychopath, RCW 71.06.060 *required* the court to commit him for detention, care, and treatment. Thus, the State argues, Bunich's conditional release was improper. RCW 71.06.060 provides:

> After the superintendent's report has been filed [at the end of the observation period], the court shall determine whether or not the defendant is a sexual psychopath. *If said defendant is found to be a sexual psychopath, the court shall commit him to the secretary of social and health services for designation of the facility for detention, care, and treatment of the sexual psychopath.* If the defendant is found not to be a sexual psychopath, the court shall order the sentence to be executed, or may discharge the defendant as the case may merit.

(Italics ours.) Bunich, on the other hand, urges us to construe "shall" in the italicized sentence as permissive, not mandatory. He argues that because the state hospital

reported that he was not amenable to treatment, the trial court should not be required to commit him. Bunich maintains that commitment would be useless because the state hospital probably would release him immediately.

■ The State's contention is correct: Bunich should have been committed under RCW 71.06.060 after the trial court found him to be a sexual psychopath; his conditional release was improper. The phrase "the court shall commit him" in RCW 71.06.060 is mandatory, not discretionary. This result is compelled by several recent cases construing provisions of RCW 71.06, the sexual psychopathy act.

*State ex rel. Schillberg v. Morris,* 85 Wn.2d 382, 384, 536 P.2d 1 (1975), held that RCW 71.06.030 requires that the underlying criminal charge be heard and determined before the preliminary hearing on sexual psychopathy and confinement for observation. The court explained:

> Two changes in RCW 71.06 were made by a 1967 amendment. Where the former language of RCW 71.06-.030 provided that the court *may* proceed to hear the criminal charge upon the filing of a sexual psychopathy petition, the present language is that the court *shall* proceed with the criminal matter. RCW 71.06.060 formerly provided that where the defendant was found not to be a sexual psychopath, "the court shall order the sentence to be executed, *or may proceed to hear the criminal charge* . . ." (Italics ours.) The italicized portion of the statute was deleted by the 1967 amendment. We believe that these changes indicate a legislative intent that disposition of the criminal charge must precede the sexual psychopath proceeding.

*State v. Edwards,* 93 Wn.2d 162, 606 P.2d 1224 (1980), held that the phrase "judgment shall be pronounced" in RCW 71.06.030 requires that a defendant be sentenced for the criminal conviction before the court considers the allegation of sexual psychopathy. The court commented that "[t]he reasoning in *Schillberg v. Morris, supra* at 384, the 1967 amendments to RCW 71.06, the plain language of section .030, and the purposes served by this provision all mandate our holding." 93 Wn.2d at 166.

*State v. Huntzinger,* 92 Wn.2d 128, 594 P.2d 917 (1979), construed RCW 71.06.060, the statute in issue on this appeal. The disputed sentence provides: "After the superintendent's report has been filed [at the end of the observation period], the court *shall* determine whether or not the defendant is a sexual psychopath." (Italics ours.) *Huntzinger* held that the trial court *must* determine whether the defendant is a sexual psychopath after the observation period; it was error for the trial court to order the sentence executed before such a finding had been made. In discussing the "shall" versus "may" distinction, the court commented:

> The statute provides that the trial court *shall* determine whether the defendant is a sexual psychopath. In determining the meaning of the word "shall" we traditionally have considered the legislative intent as evidenced by all the terms and provisions of the act in relation to the subject of the legislation, the nature of the act, the general object to be accomplished and consequences that would result from construing the particular statute in one way or another. *State v. McDonald,* 89 Wn.2d 256, 571 P.2d 930 (1977); *Spokane County ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940).
>
> RCW 71.06 employs both the word "shall" and the word "may" in defining the various responsibilities of the prosecuting attorney and the judge. The language of one section (RCW 71.06.030) was amended in 1967 by deletion of the word "may" and substitution therefore of the word "shall". Laws of 1967, ch. 104, § 1, p. 457. This careful choice of language indicates the legislature considered the two words to have different force, that is, to be directory when "may" is used, mandatory when "shall" is used. In light of these considerations it is clear the legislature intended the language of RCW 71.06.060 to be mandatory.

92 Wn.2d at 133.

RCW 71.06.060 provides that a defendant found to be a sexual psychopath *shall* be committed. In light of the legislative intent and the construction given RCW 71.06 by *State v. Huntzinger, supra,* we reverse the decision to release Mr. Bunich.

## II
## DOUBLE JEOPARDY

Bunich argues that he unlawfully was placed twice in jeopardy for the same offense by being subjected to criminal prosecution *and* civil commitment proceedings. We disagree.

The doctrine of double jeopardy does not apply "unless the sanction sought to be imposed in the second proceeding is punitive in nature so that the proceeding is essentially criminal." *Beckett v. Department of Social & Health Servs.*, 87 Wn.2d 184, 188, 550 P.2d 529 (1976). The purpose of the civil commitment for sexual psychopaths is *not* punitive. Indeed, "the existence of the procedures for determining sexual psychopathy in itself indicates legislative recognition of an alternative to criminal punishment through segregation, treatment and rehabilitation of sexual psychopaths." *State v. Huntzinger, supra* at 133; *see People v. Feagley,* 14 Cal. 3d 338, 359, 535 P.2d 373, 386, 121 Cal. Rptr. 509 (1975).

We have considered the arguments presented by amicus curiae in a brief filed after oral argument and do not find them persuasive.

The order releasing the defendant is reversed and the cause remanded to the trial court for the entry of appropriate orders consistent herewith.

JAMES, C.J., and DURHAM, J., concur.

Reconsideration denied April 21, 1981.

Review denied by Supreme Court June 12, 1981.