[No. 9357–6–I.   Division One.   February 1, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. BURT BOBBY DANIELS, *Appellant.*

*In the Matter of the Personal Restraint of* BURT BOBBY DANIELS, *Petitioner.*

*Charles L. Smith,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney, Rebecca Roe, Deputy, Kenneth O. Eikenberry, Attorney General,* and *William Collins* and *Michael Lynch, Assistants,* for respondent.

CALLOW, J.—Burt Bobby Daniels challenges his imprisonment without treatment following a superior court determination that he is a sexual psychopath.

Daniels pleaded guilty on March 19, 1980, to six counts of rape in the first degree and one count of assault in the second degree while armed with a deadly weapon. That same day the court found that reasonable grounds existed to believe Daniels was a sexual psychopath and ordered him committed to Western State Hospital for 90 days' observation, pursuant to RCW 71.06.040.[1] Sentencing on the guilty plea conviction was postponed pending completion of the hospital's evaluation.

On September 11, 1980, the court held a hearing to sentence Daniels on the criminal conviction as well as to determine whether Daniels was a sexual psychopath. The report submitted by Western State Hospital diagnosed

---

[1]RCW 71.06.040 provides in part: "If the court finds that there are reasonable grounds to believe the defendant is a sexual psychopath, the court shall order said defendant confined at the nearest state hospital for observation as to the existence of sexual psychopathy. Such observation shall be for a period of not to exceed ninety days."

Daniels as a sexual psychopath, but claimed that he was not an acceptable candidate for their sexual psychopathy program. The court concluded that Daniels was a sexual psychopath, sentenced him to concurrent 20–year terms in prison, and ordered that he receive any available treatment in prison. Daniels' attorney argued unsuccessfully at the hearing that RCW 71.06.060 required the court to suspend imposition of the prison sentence and commit Daniels to the Secretary of Social and Health Services for hospitalization and treatment as a sexual psychopath.[2]

Sentencing was pursuant to RCW 72.13.120,[3] and a warrant of commitment was issued to the Division of Institutions and the Washington Corrections Center ordering Daniels' confinement for no more than 20 years. Daniels has filed a direct appeal and a personal restraint petition, consolidated for appeal, challenging his imprisonment without treatment.

Daniels first contends that the court should have sentenced him before committing him to Western State Hospital for observation. RCW 71.06.030 provides:

The court shall proceed to hear the criminal charge. If the defendant is convicted or has previously pleaded guilty to such charge, judgment shall be pronounced, but the execution of the sentence may be deferred or suspended, as in other criminal cases, and the court shall then proceed to hear and determine the allegation of

---

[2]RCW 71.06.060 provides in part: "If said defendant is found to be a sexual psychopath, the court shall commit him to the secretary of social and health services for designation of the facility for detention, care, and treatment of the sexual psychopath."

[3]RCW 72.13.120 provides:

"Any male offender convicted of an offense punishable by imprisonment in the state penitentiary or the state reformatory, except an offender sentenced to death, shall, notwithstanding any inconsistent provision of law, be sentenced to imprisonment in a penal institution under the jurisdiction of the department [of Social and Health Services] without designating the name of such institution, and be committed to the reception center for classification, confinement and placement in such correctional facility under the supervision of the department [of Social and Health Services] as the secretary [of Social and Health Services] shall deem appropriate."

sexual psychopathy.

The court is required to pronounce judgment, including sentencing, before considering the psychopathy petition. *State v. Edwards,* 93 Wn.2d 162, 606 P.2d 1224 (1980). The underlying criminal charge must be heard and determined before the preliminary hearing on sexual psychopathy and confinement for observation. *State v. Bunich,* 28 Wn. App. 713, 626 P.2d 47 (1981).

Under the circumstances presented here, however, the defendant waived the statutory requirement of sentencing before consideration of the sexual psychopathy issue. At the time he pleaded guilty, Daniels had the benefit of RCW 71.06.030 and its interpretation in *State v. Edwards, supra,* but did not insist that he be sentenced before commitment for observation. Nor did Daniels object to sentencing concurrent with consideration of the report from Western State Hospital. There are therefore no grounds for resentencing or an order altering the effective date of the sentence, as requested by the defendant.

Daniels next argues that the trial court was required *to commit him for treatment as a sexual psychopath after it* determined that he met the statutory criteria.[4] The State asserts that the trial court sentenced Daniels to prison because it found that he was not amenable to treatment as a sexual psychopath, action authorized under RCW 71.06-.091 once the hospital determines that a person is not treatable. We hold that the trial court was not statutorily authorized to take this step after it determined that Daniels was a sexual psychopath. Such an individual must be committed to the Department of Social and Health Services for treatment and not imprisonment. RCW 71.06.060. *See State v. Bunich, supra.* The criminal sentence is not executed at this time. If the superintendent of the hospital

---

[4] "'Sexual psychopath' means any person who is affected in a form of psychoneurosis or in a form of psychopathic personality, which form predisposes such person to the commission of sexual offenses in a degree constituting him a menace to the health or safety of others." RCW 71.06.010.

at which the defendant is committed determines that he is safe to be at large, has received the maximum benefit of the treatment, or is not amenable to treatment, the sentencing court must be so informed. RCW 71.06.091. The court then decides whether to release the defendant, order his continued treatment at the hospital, or return him to prison for completion of the criminal sentence originally imposed (with credit for time served in the hospital). Alternatively, if the superintendent of the hospital determines that the defendant is a custodial risk or a hazard to other patients, it may order the defendant transferred for treatment to a correctional institution which has psychiatric facilities. Biannual psychiatric examinations must be conducted and full written reports made to the superintendent of the hospital from which the defendant was transferred as well as to the committing court. RCW 71.06.140.

In this case, the hospital included in its original report to the court that the defendant was not amenable to treatment at Western State Hospital due to the severity of his sexual deviancy and his antisocial behavior. Acting upon the hospital's recommendation, the court ordered Daniels to serve his criminal sentence and receive whatever psychiatric help that may be available in the correctional facilities. The defendant has been placed with the general prison population and has received no treatment.

An analogous situation was presented in *State v. Bunich, supra*. There the defendant was found not guilty of the underlying charge but was committed for observation, pursuant to RCW 71.06.030. The hospital reported that Bunich was a sexual psychopath but was not amenable to treatment at Western State Hospital and would be released if committed there. The trial court refused to commit Bunich as required by statute and issued a conditional release, intending to effectuate the hospital's recommendation. The State appealed, arguing that the statute requires commitment regardless of what the hospital may do thereafter. We agreed, holding that the trial court may not take the action assigned to the hospital by statute.

The same approach is required here. The decision to transfer Daniels to a correctional facility for treatment (RCW 71.06.140) or request the court to release Daniels or reimpose the original sentence (RCW 71.06.091) is discretionary with the superintendent of the state hospital, but only after the trial court commits Daniels as a sexual psychopath. The court cannot act upon the hospital's preliminary determination that it would not accept the defendant for treatment. If after commitment the hospital reaffirms its decision that the defendant is not amenable to treatment at the hospital, it must elect among the alternatives authorized by RCW 71.06.091 and .140 and notify the trial court of its action.

After examining the defendant for 90 days, the superintendent of Western State Hospital concluded that he was a sexual psychopath and that he posed a severe security risk which would continue in all probability. Daniels was also termed not amenable to treatment at Western State. Under these circumstances, the trial court should not be required to order the defendant transferred to the hospital. To impose such a requirement would be to unduly thrust a security risk on the hospital and add unnecessary costs to the procedure. Instead the trial court may order the defendant committed as a sexual psychopath, but detained in the county jail pending review by the Department of Social and Health Services. Following review of the defendant's file, the department may elect to accept the defendant for treatment, transfer him to a prison with psychiatric facilities or return him to the committing court with appropriate recommendations as to disposition. Among the recommendations the department could make are release on the one hand or imprisonment without treatment on the other. If the latter course is chosen, the committing court must follow the procedure outlined in RCW 71.06.091.[5]

---

[5]RCW 71.06.091 provides:

"A sexual psychopath committed pursuant to RCW 71.06.060 shall be retained by the superintendent of the institution involved until in the superintendent's

The problem presented is procedural. The court acted upon the preliminary conclusion reached by Western State Hospital when it examined the defendant for evidence of sexual psychopathy. The court should have committed the defendant for treatment as a sexual psychopath and, in light of the hospital's conclusion that the defendant was a security risk, order him detained in the county jail pending review by the Department of Social and Health Services. If after commitment and review the hospital reaffirms its decision, it should so report to the court which may then order the defendant transferred to the Department of Institutions for imprisonment.

The order of commitment to prison is reversed and the cause is remanded to the trial court for entry of appropriate orders consistent with this opinion.

DURHAM, A.C.J., and JAMES, J., concur.

---

opinion he is safe to be at large, or until he has received the maximum benefit of treatment, or is not amenable to treatment, but the superintendent is unable to render an opinion that he is safe to be at large. Thereupon, the superintendent of the institution involved shall so inform whatever court committed the sexual psychopath. The court then may order such further examination and investigation of such person as seems necessary, and may at its discretion, summon such person before it for further hearing, together with any witnesses whose testimony may be pertinent, and together with any relevant documents and other evidence. On the basis of such reports, investigation, and possible hearing, the court shall determine whether the person before it shall be released unconditionally from custody as a sexual psychopath, released conditionally, returned to the custody of the institution as a sexual psychopath, or transferred to the department of corrections to serve the original sentence imposed upon him. The power of the court to grant conditional release for any such person before it shall be the same as its power to grant, amend and revoke probation as provided by chapter 9.95 RCW. When the sexual psychopath has entered upon the conditional release, the state board of prison terms and paroles shall supervise such person pursuant to the terms and conditions of the conditional release, as set by the court: *Provided,* That the superintendent of the institution involved shall never release the sexual psychopath from custody without a court release as herein set forth."