[No. 13268-4-III.    Division Three.    December 20, 1994.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD N. ELLIS, JR., *Respondent*.

*Michael E. McNeff, Prosecuting Attorney*, and *Erin Riley, Deputy*, for appellant.

*Roger A. Castelda*, for respondent.

THOMPSON, C.J. — The State appeals the dismissal of charges against Richard Ellis and the setting aside of a verdict finding him guilty of delivery of a controlled substance. The Superior Court granted Mr. Ellis relief because his sentencing had been delayed for almost 2 years through no fault of his own. We affirm.

In a trial by jury in Okanogan, Mr. Ellis was found guilty of one count of delivery of a controlled substance. RCW 69.50.206(b)(4), (5). The verdict was entered on December 5, 1990, and Mr. Ellis was released on his own recognizance, pending sentencing. Immediately after entry of the guilty verdict, both court and prosecutor were told by defense counsel that Mr. Ellis would be residing in Vancouver, Washington, and working in Portland, Oregon. During the next 30 to 40 days, Mr. Ellis contacted counsel to ascertain when he would be sentenced. Counsel told him he would be contacted by the court or prosecutor.

Almost 2 years later, defense counsel was notified of Mr. Ellis' sentencing hearing. He thereupon noted a motion for release of final judgment and/or dismissal pursuant to CrR 7.8 and 8.3.[1] A hearing on the motion and sentencing took place on November 13, 1992.

---

[1]Mr. Ellis undoubtedly meant to cite CrR 7.8 governing relief from judgments in criminal matters. CrR 8.3 governs dismissal of criminal prosecutions on motion of the prosecutor or the court.

According to defense counsel, during the 23 months following entry of the verdict, Mr. Ellis reconciled with his divorced wife, was promoted to a supervisory position at work, and became an upstanding citizen. He argued that sentencing following such a long delay would be oppressive. The prosecutor and court agreed that sentencing of Mr. Ellis "fell through the cracks". Finding the delay "oppressive", the trial court concluded dismissal was the appropriate remedy. The court relied on *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985), and *State v. Edwards*, 93 Wn.2d 162, 606 P.2d 1224 (1980).

The sole issue on appeal is whether the trial court erred in setting aside the guilty verdict and dismissing the conviction of Mr. Ellis based on a sentencing delay of almost 2 years.

## CONTENTIONS

The State contends that neither the United States Supreme Court nor the Washington State Supreme Court has held that speedy sentencing is encompassed by either the sixth amendment to the United States Constitution or article 1, section 22 of the Washington Constitution. The State cites *State v. Braithwaite*, 34 Wn. App. 715, 667 P.2d 82 (1983), *Edwards*, at 167 n.2, and *State v. Lammert*, 14 Wn. App. 137, 142, 540 P.2d 466 (1975). According to the State, the reason there is no constitutional right to speedy sentencing is that the accused has already been tried and convicted and is no longer "living under a cloud of anxiety, suspicion, and often hostility." *Barker v. Wingo*, 407 U.S. 514, 533, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

Even if there were a constitutional right to speedy sentencing, the State contends any delay must be "purposeful or oppressive", and such was not the case with the delay in sentencing Mr. Ellis. *Pollard v. United States*, 352 U.S. 354, 361, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957).

Mr. Ellis contends the Sixth Amendment guarantees him the right to speedy sentencing and when a delay is "purpose-

ful or oppressive", as it was here, dismissal of charges is the appropriate remedy. *Pollard; Johnson*, at 629.

## STANDARD OF REVIEW

■ The record is silent as to whether dismissal was granted pursuant to CrR 7.8(b) or CrR 8.3. In either case, appellate review is based on abuse of discretion. *See State v. Sherman*, 59 Wn. App. 763, 767, 801 P.2d 274 (1990).

## RIGHT TO SPEEDY SENTENCING

As the State contends, *Braithwaite* stated that neither the United States Supreme Court nor the Washington State Supreme Court has held that speedy sentencing is encompassed by U.S. Const. amend. 6 or article 1, section 22 of the Washington Constitution. However, as noted in *Johnson*, at 629, a number of courts have held or assumed that the constitutional right to a speedy trial encompasses a right to speedy sentencing. *See, e.g., Pollard* (assumed speedy trial clause of Sixth Amendment applied to sentencing delays); *Juarez-Casares v. United States*, 496 F.2d 190, 192 (5th Cir. 1974) (sentencing is part of trial for purposes of Sixth Amendment speedy trial guaranty); *State v. Sterling*, 23 Wn. App. 171, 596 P.2d 1082 (1979) (sentencing is part of trial for constitutional rights, although test is standard of reasonableness, not specific standards applied to the adjudicatory phase). *See also Edwards*, at 167 n.2, and cases cited therein.

■ Under the Sixth Amendment and the Washington Constitution, if a delay is "purposeful or oppressive", it violates speedy sentencing rights. *Pollard*, at 361; *Johnson*, at 629. A determination whether a delay is "purposeful or oppressive" is made by balancing the following: the length and reason for the delay, the defendant's assertion of his or her right, and the extent of prejudice to the defendant. *Barker*, at 533; *Johnson*, at 629.

■ Constitutional rights notwithstanding, speedy sentencing rights are required by court rule and statute. CrR 7.1 requires the court to set a date, time, and place for sentencing in compliance with RCW 9.94A.110. RCW 9.94A-110 requires a sentencing hearing within *40* court days fol-

lowing conviction, subject only to an extension for good cause on a motion by either party or the court. RCW 9.94A-110. The same factors established in *Barker* are of guidance in determining whether a delay is unreasonable under CrR 7.1. *Johnson.*

■ Here, there were no motions to extend time, nor does the State point to any good cause basis for an extension or delay. The delay of almost 2 years was presumptively prejudicial, and the State failed to rebut the presumption. *Sterling.* The trial court found the reason for the delay of almost 2 years was the fault of the court and prosecutor, not the defendant. The court also found the defendant was in a good employment and family situation. We agree that sentencing Mr. Ellis after such a lengthy delay would be oppressive.

■ The State contends that even if the delay in sentencing Mr. Ellis was oppressive, the remedy is to order the trial court to resentence him below the standard range, not to set aside the verdict and dismiss the charges. However, the State cites no authority which would permit us to order the trial court to impose an exceptional sentence below the standard range based on a sentencing delay.

We affirm.

SWEENEY and SCHULTHEIS, JJ., concur.