24 P.3d 1116 (2001)
106 Wash.App. 660
STATE of Washington, Respondent,
v.
Walter Anthony MODEST, Appellant.
No. 19577-5-III.
Court of Appeals of Washington, Division 3, Panel Six.
June 14, 2001.
Lenell R. Nussbaum, Seattle, for Appellant.
*1117 Lauri M. Boyd, Deputy Prosecuting Attorney, Yakima, for Respondent.
SCHULTHEIS, J.
Walter Anthony Modest appeals his amended judgment and sentence, contending that his right to a speedy resentencing hearing was violated. Claiming that the more than two-year delay between remand and resentencing was purposeful and/or oppressive, he asks this court to set aside the judgment and sentence and dismiss with prejudice the charges against him. Because the trial court properly denied his motion for release, we affirm.

FACTS
Mr. Modest was charged with 13 crimes, all related to a prostitution enterprise in Yakima County. He pleaded guilty to counts 1 through 5 and was found guilty of counts 6 through 13 after a jury trial in Yakima County Superior Court. At sentencing the court found that six aggravating factors supported an exceptional sentence of 360 months.
Mr. Modest appealed the judgment and sentence to this court. The verdict was affirmed by published opinion[1] but the case was remanded for resentencing based on the court's determination that only one of the aggravating factors cited by the court in its findings and conclusions supported an exceptional sentence. The mandate from this court's published opinion issued on April 24, 1998.
Mr. Modest's resentencing hearing was held August 4, 2000, more than two years after the mandate issued by this court was filed. His attorney requested that, due to the untimeliness of the resentencing hearing, Mr. Modest be immediately released. At the hearing the court was informed that the State had trouble finding Mr. Modest through the Department of Corrections (DOC) to timely schedule the resentencing hearing. The State told the court it was unaware that Mr. Modest had been incarcerated in a private prison in Colorado from March 1999 to June 2000 prior to being transferred to the prison in Walla Walla, which is where the State finally located him. The deputy prosecutor accepted responsibility for allowing Mr. Modest's case to fall through the cracks, claiming it was due to the reorganization of his caseload as well as having received inaccurate information regarding Mr. Modest's whereabouts from the DOC.
At the resentencing hearing the court denied Mr. Modest's motion for immediate release. It found that evidence existed which supported an exceptional sentence and ordered a total of 180 months of incarceration. Mr. Modest was also given credit for the time he had already served. No findings or conclusions were entered regarding the timeliness of the resentencing hearing.

DISCUSSION
We are asked to determine whether the trial court erred when it denied Mr. Modest's motion for release based on an untimely resentencing hearing. Mr. Modest contends that the more than two-year delay in scheduling his resentencing hearing after remand by this court warrants dismissal due to the violation of his constitutional right to speedy sentencing. The transcript of the resentencing hearing was included in the record so an adequate review for abuse of discretion can be made.
Mr. Modest correctly asserts that if a sentencing delay is "purposeful or oppressive," it violates speedy sentencing rights. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). To determine whether a delay is purposeful or oppressive, the court balances the length and reason for the delay, the defendant's assertion of his right to a speedy sentence, and the extent of prejudice to the defendant. State v. Rupe, 108 Wash.2d 734, 742, 743 P.2d 210 (1987).
Mr. Modest urges this court to follow its decision in State v. Ellis, 76 Wash.App. 391, 884 P.2d 1360 (1994). In Ellis, after a jury conviction, the defendant was released on his own recognizance, found employment, and stayed out of trouble from that point forward. At his sentencing hearing, which *1118 occurred nearly two years after his release, the court dismissed the charges. It found that under the facts of the case the sentencing delay was the fault of the court and prosecutor, and not the defendant. The State appealed the dismissal. This court affirmed the trial court's decision finding the sentencing delay was oppressive and the State failed to show good cause for the delay. Id. at 395, 884 P.2d 1360.
The Ellis case is easily distinguishable from the current case. Unlike the defendant in Ellis, Mr. Modest was not released pending resentencing. After his original sentencing, Mr. Modest immediately began serving his 30-year sentence. In Ellis, the primary issue involved the initial sentencing hearing pursuant to CrR 7.1 and RCW 9.94A.110. Under this statute there is a strict 40-day window in which one convicted of a crime shall be sentenced. RCW 9.94A.110. Here, however, the issue on appeal involves the timeliness of a resentencing hearing following remand by an appellate court. Accordingly, there is no court rule or statute that strictly applies.
The facts of this case are troublesome. In general, a convicted defendant should not be subjected to needless and uncertain delay before a new sentence is imposed after remand by an appellate court. Our criminal justice system is not served when the offender is not promptly resentenced. By its own admission, the culpability for the delay rests with the prosecutor's office and/or the DOC. A delay of a resentencing hearing for over two years is excessive. Furthermore, as the Ellis court found, "[t]he delay of almost 2 years [is] presumptively prejudicial[.]" Ellis, 76 Wash.App. at 395, 884 P.2d 1360.
Mr. Modest cites several examples of how he was prejudiced by the State's dilatory conduct. He argues that his classification with the DOC would have been different had he received a shorter sentence. He also claims he would not have been transferred to the prison in Colorado and would not have been deprived of contact with his family during this time. This information is not contained in the record and, as such, is speculative at best.
Furthermore, the record does not reveal that Mr. Modest was successfully living and working in the community for nearly two years as Mr. Ellis had done prior to his sentencing hearing. Here, the opposite is true. After sentencing and pending a successful appeal, Mr. Modest was incarcerated and began serving a sentence of 30 years. We are mindful of the fact that after resentencing, Mr. Modest's sentence was reduced to 15 years. Even so, he still had more than a decade to satisfy on the reduced sentence after being given credit for time served. Finally, there is no evidence that Mr. Modest had been futilely trying to get the resentencing hearing scheduled by his own efforts.
Although there was no valid excuse for the State's procrastination, the delay of over two years did not prejudice Mr. Modest since it did not affect the amount of time he served prior to the resentencing hearing. Mr. Modest's reduced sentence was further reduced by the time he spent incarcerated on the longer sentence. Mr. Modest's claims of prejudice amount to mere speculation, which is an insufficient reason to dismiss his case. Although we refuse to condone the act, the State's delay in scheduling the resentencing hearing was neither purposeful nor oppressive. Because there is no evidence of abuse of judicial discretion in denying Mr. Modest's motion for release, we affirm.
WE CONCUR: KURTZ, C.J., and SWEENEY, J.
NOTES
[1] State v. Modest, 88 Wash.App. 239, 944 P.2d 417 (1997).