96 P.3d 438 (2004)
122 Wash.App. 902
STATE of Washington, Respondent,
v.
JOHN EDWARD BARROWS, Appellant.
No. 22280-2-III.
Court of Appeals of Washington, Division 3, Panel Six.
August 19, 2004.
Richard David Wall, Attorney at Law, Spokane, WA, for Appellant.
Kevin Michael Korsmo, Deputy Prosecuting Attorney, Spokane, WA, for Respondent.
*439 KURTZ, J.
John E. Barrows was charged with one count of first degree burglary. In July 2002, the court entered a judgment of acquittal by reason of insanity, but the court did not enter its findings of fact and conclusions of law until one year later. In the interim, Mr. Barrows moved to dismiss the charge against him for violation of his speedy trial rights. The court denied this motion, concluding that the speedy trial period had been tolled by Mr. Barrows's successful motion for acquittal by reason of insanity. On appeal, Mr. Barrows challenges the trial court's failure to grant his motion to dismiss. This court must decide whether a judgment of acquittal by reason of insanity constitutes a "trial" for purposes of CrR 3.3. We conclude a judgment of acquittal by reason of insanity constitutes a "trial" within the meaning of CrR 3.3. We hold the trial court properly denied Mr. Barrows's motion to dismiss for violation of his speedy trial rights under CrR 3.3.

FACTS
On November 19, 2001, John E. Barrows was charged by information with one count of first degree burglary. On November 27, the court granted Mr. Barrows's motion for an order appointing a sanity commission under RCW 10.77.060. Four months later, the court set a case scheduling hearing for April 29, 2002, and a trial date of May 6.
On March 14, the court entered an order determining that Mr. Barrows was competent to stand trial. Mr. Barrows posted bond. One week later, the court entered an order allowing Mr. Barrows to be released on the previously-posted bond. A few weeks later, the court entered an order continuing the trial date to May 20. On the day of trial, Mr. Barrows filed a waiver of speedy trial consenting to a trial date of June 17 and waiving his right to a speedy trial until June 24. On June 14, Mr. Barrows filed another speedy trial waiver consenting to a trial date of July 15 and waiving his speedy trial until July 22.
On July 11, Mr. Barrows filed a motion for acquittal by reason of insanity. The State joined in his motion, which was based on a report from Eastern State Hospital concluding that Mr. Barrows was not sane at the time of the crime. After conducting a colloquy with Mr. Barrows, the court granted the motion and signed a motion and judgment of acquittal by reason of insanity and statement of defendant (hereinafter motion and judgment), which had been prepared by defense counsel.
Mr. Barrows also signed the motion and judgment which contains a statement of the defendant. This statement includes findings that Mr. Barrows made the motion knowingly, intelligently, and voluntarily, and that he was fully informed of, and understood, his rights and the consequences of his motion. By signing this statement, Mr. Barrows acknowledged that he had been informed of his right to a speedy trial and that, by moving for judgment of acquittal by reason of insanity, he was giving up the right to a jury if he was acquitted on the grounds of insanity. By signing this statement, Mr. Barrows also acknowledged that he understood that if acquitted, he could be committed to a state hospital for a term up to the maximum possible penal sentence for the offense charged.
When entering the motion and judgment, the court also entered an order setting a sentencing hearing for August 20. In addition, the court ordered the Department of Corrections to complete a presentence investigation report and entered an order extending the release conditions pending sentencing. The court did not set a new trial date.
Mr. Barrows initially remained out in the community, but subsequently was committed to Eastern State Hospital for additional evaluations. Mr. Barrows has been confined to Eastern State Hospital since October 14, 2002.
On April 9, 2003, Mr. Barrows moved to dismiss the charge against him for violation of his speedy trial rights. The court denied this motion, concluding that the speedy trial period had been tolled by Mr. Barrows's successful motion for acquittal by reason of insanity.
Following the denial of the motion to dismiss, a contested hearing was held to address Mr. Barrows's continued confinement *440 at Eastern State Hospital. The hearing was conducted on May 13 and continued to June 9. At the conclusion of the hearing, the court found Mr. Barrows had committed the acts charged in the information, he presented a substantial likelihood of committing criminal acts jeopardizing public safety, and he was a substantial danger to others unless kept under further control. The court then ordered that Mr. Barrows should remain confined at Eastern State Hospital.
On July 30, 2003, findings of fact and conclusions of law were entered, along with an order placing Mr. Barrows in the custody of the Department of Social and Health Services. Mr. Barrows appeals.

ANALYSIS
Under former CrR 3.3(c)(1),[1] a defendant who is not held in custody must be brought to trial no later than 90 days after the date of arraignment. Failure to bring a criminal defendant to trial within this period requires dismissal of the charges with prejudice. Former CrR 3.3(i).[2]
For purposes of the speedy trial rule, any proceeding that may result in a final adjudication on the merits is a trial. State v. McCormack, 28 Wash.App. 65, 67, 622 P.2d 1276 (1980) (trial by an improperly selected jury is a "trial" under the speedy trial rule). There is no Washington case squarely addressing whether a motion and judgment for acquittal by reason of insanity constitutes a "trial" within the meaning of CrR 3.3. But the Washington Supreme Court has ruled that a guilty plea is a "trial" within the meaning of former CrR 3.3(g)(2).[3]State v. Huffmeyer, 145 Wash.2d 52, 61-62, 32 P.3d 996 (2001). Moreover, the Huffmeyer court also concluded that the structure of the rules "contemplate a distinction among pretrial, trial, and sentencing procedures" and that "sentencing is not included in the definition of `trial.'" Id. at 61, 32 P.3d 996.
Mr. Barrows brought a motion for acquittal by reason of insanity under RCW 10.77.080. This provision allows defendants to move the court for a judgment of acquittal on the grounds of insanity. At the hearing on this motion, the defendant has the burden of proving by a preponderance of the evidence that he or she was insane at the time of the charged crime. RCW 10.77.080. In responding to this motion, the court may either grant the motion or deny the motion. If the court denies the motion, the issue of insanity may be submitted to a jury. Where, as here, the court grants the motion, the court is then required to make specific findings as set forth in RCW 10.77.040. For purposes of due process, the constitutional constraints imposed on the acceptance of a motion for acquittal by reason of insanity are similar to those imposed in the acceptance of a guilty plea. In re Pers. Restraint of Bratz, 101 Wash.App. 662, 671-72, 5 P.3d 759 (2000).
Here, Mr. Barrows moved the court for a judgment of acquittal on the grounds of insanity and the court entered an order granting such judgmentbut the court did not enter its findings of fact and conclusions of law until one year later. Mr. Barrows contends that the mere filing of a motion for acquittal by reason of insanity, and its acceptance by the court, does not constitute a finding of not guilty, and does not toll the running of the speedy trial period, until the court enters its findings and conclusions. According to Mr. Barrows, the motion and judgment for acquittal by reason of insanity entered in July 2002 was merely an acknowledgment by the court that Mr. Barrows made the motion knowingly, intelligently, and voluntarily.
To resolve the question here, we must examine the findings required by the jury under RCW 10.77.040. When the issue of insanity is submitted to a jury, the court must instruct the jury to return a special verdict in which the jury must answer five *441 questions. The first two questions require determinations related to the offense charged and the sanity of the defendant. These questions are: (1) "Did the defendant commit the act charged?" and (2) "If your answer to number 1 is yes, do you acquit him or her because of insanity existing at the time of the act charged?" RCW 10.77.040.
The third, fourth, and fifth questions submitted to the jury require determinations related to the defendant's placement. These questions are as follows: (3) "If your answer to number 2 is yes, is the defendant a substantial danger to other persons unless kept under further control by the court or other persons or institutions?" (4) "If your answer to number 2 is yes, does the defendant present a substantial likelihood of committing criminal acts jeopardizing public safety or security unless kept under further control by the court or other persons or institutions?" and (5) "If your answers to either number 3 or number 4 is yes, is it in the best interests of the defendant and others that the defendant be placed in treatment that is less restrictive than detention in a state mental hospital?" RCW 10.77.040. The trial court then has three options: hospitalize the defendant, release the defendant without conditions, or release the defendant with conditions. RCW 10.77.110.
Mr. Barrows's argument is based on his assumption that none of these questions were resolved when the court signed the motion and judgment. Specifically, his argument is based on his assumption that the motion and judgment does not constitute an adjudication of guilt or innocence and does not contain any statement as to whether the defendant committed the acts charged. According to Mr. Barrows, none of the questions of RCW 10.77.040 were addressed until the court entered its findings and conclusions in July 2003. In making this argument, Mr. Barrows misunderstands the effect of the election he made by waiving a jury trial under RCW 10.77.080 and ignores the statements contained in the motion and judgment and the findings and conclusions entered here.
Because this matter was not submitted to a jury, some of the questions contained in RCW 10.77.040 were resolved as part of the motion and judgment. When a defendant waives trial under RCW 10.77.080 and moves for acquittal on grounds of insanity, he effectively admits that he committed the acts charged. In re Pers. Restraint of Harris, 94 Wash.2d 430, 436 n. 3, 617 P.2d 739 (1980) (citing State v. Jones, 84 Wash.2d 823, 529 P.2d 1040 (1974)). In other words, by waiving trial under RCW 10.77.080, Mr. Barrows effectively admitted that he committed the acts charged. The matters remaining for consideration revolved around Mr. Barrows's current condition and his placement. This bifurcated procedure was set forth in the motion and judgment and the findings and conclusions based on the parties' joint recommendation that Mr. Barrows's placement would be decided at a later hearing.
In his motion, Mr. Barrows acknowledged that he understood that by moving for a judgment under RCW 10.77.080, he gave up the right to a jury trial if acquitted and that he could no later challenge the validity of his detention on the grounds that he did not commit the acts charged. Mr. Barrows also acknowledged that:
2.11 I have been advised that the prosecuting attorney will take the following action and make the following recommendation to the court:
Joint recommendation for a finding of not guilty by reason of insanity. Disposition to be decided at a later hearing.

Clerk's Papers (CP) at 24 (emphasis added). Accordingly, by signing the motion and judgment, the court found that the defendant understood that "by making the motion he admitted to committing the acts charged and that, if acquitted, he might not later contest the validity of his detention on the ground that he did not commit the acts charged." CP at 25 (emphasis added). In short, by signing the motion and judgment, the court granted Mr. Barrows's motion for an acquittal by reason of insanity, but delayed the determinations of questions 3, 4, and 5 required under RCW 10.77.040. The findings of fact and conclusions of law state that the findings were delayed on these questions so that additional information could be obtained. The conclusions of law address each of these questions.
*442 There was a timely and final adjudication of the criminal charge against Mr. Barrows. Based upon Mr. Barrows's admission, the court held that he committed the acts that constituted the factual basis for the charge. Based upon other evidence, the court ruled that Mr. Barrows should be acquitted by reason of insanity. For the purposes of the speedy trial rule, there was a final adjudication on the merits. We hold a motion and judgment for acquittal by reason of insanity constitutes a "trial" within the meaning of CrR 3.3.
Mr. Barrows also contends that the right to a speedy trial includes the right to a speedy adjudication and disposition of charges. In State v. Ellis, 76 Wash.App. 391, 392, 884 P.2d 1360 (1994), Division Three of this court affirmed the trial court's decision to dismiss charges against a defendant where sentencing had been delayed for almost two years through no fault of the defendant. In Ellis, the court determined that the sentencing delay was oppressive and that the State failed to show good cause for the delay. Id. at 395, 884 P.2d 1360. Here, Mr. Barrows and the State made a joint recommendation to delay disposition to a later date and there is some indication that Mr. Barrows was responsible for part of the delay due to his search for an expert. While the delay here is troubling, it does not rise to the level found in Ellis.
The court did not err by denying Mr. Barrows's motion to dismiss.
Mr. Barrows has filed a statement of additional authority raising two points. First, he contends that the owner of the trailer never testified that Mr. Barrows was in the trailer without permission. However, by waiving trial under RCW 10.77.080, Mr. Barrows admitted that he committed the acts charged. The only undisputed issues here revolve around whether Mr. Barrows was dangerous and what placement was necessary.
Second, Mr. Barrows argues that he did not understand that he was facing a life sentence when he pleaded not guilty by reason of insanity. In his motion and judgment, Mr. Barrows acknowledged that he had been informed, and understood, that "the court may order me hospitalized for a period of up to the maximum possible penal sentence for any offense charged for which I am acquitted by reason of insanity." CP at 24. Moreover, the court explained this provision to Mr. Barrows twice at the hearing and Mr. Barrows responded that he understood.
In short, Mr. Barrows fails to raise any issues of merit in his statement of additional authority.
Affirmed.
WE CONCUR: SWEENEY, A.C.J., and SCHULTHEIS, J.
NOTES
[1] Now CrR 3.3(b)(2)(i).
[2] Now CrR 3.3(h).
[3] Huffmeyer considered former CrR 3.3(g)(2) which deducted from the speedy trial calculation "`[p]reliminary proceedings and trial on another charge'" to determine whether the term "trial" in this exclusionary rule included the time between a guilty plea and sentencing. Huffmeyer, 145 Wash.2d at 58, 32 P.3d 996.