248 P.3d 597 (2011)
STATE of Washington, Respondent,
v.
Jay R. RICH, Appellant.
No. 37452-8-II.
Court of Appeals of Washington, Division 2.
March 15, 2011.
*598 James J. Sowder, Attorney at Law, Vancouver, WA, for Appellant.
Michael C. Kinnie, Attorney at Law, Vancouver, WA, for Respondent.
ARMSTRONG, J.
¶ 1 In 2003, we reversed Jay Rich's exceptional sentence for first degree murder and remanded for resentencing. The parties agreed to delay the sentencing until the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). After the Court issued Blakely in 2004, Rich asked the trial court to impose a standard range sentence. But the State successfully delayed the sentencing until after the legislature, in early 2007, amended the law to allow sentencing courts to impanel juries to find aggravating sentencing circumstances in cases like Rich's. Rich now appeals the trial court's decision to impanel a jury to decide the aggravating factors at his resentencing hearing. He argues that the State's numerous delays of his sentencing from October 2004 to March 2008 violated his right to speedy sentencing. We agree and remand for sentencing within the standard range.

FACTS
¶ 2 Jay Rich pleaded guilty to first degree felony murder on September 12, 2001.[1]State v. Rich, 117 Wash.App. 1055, 2003 WL 21528947 *1 (Wn.App. Div. 2 (July 8, 2003)). The trial court imposed a 540-month exceptional sentence, finding by a preponderance of the evidence that Rich acted with deliberate cruelty, inflicted multiple injuries on the victim, showed a lack of remorse, and attempted to conceal the body. Rich appealed his sentence and we reversed and remanded for resentencing. Rich, 2003 WL 21528947 at *3.
¶ 3 The case was proceeding to resentencing when, on June 24, 2004, the United States Supreme Court decided Blakely. Rich had earlier waived his right to speedy sentencing under RCW 9.94A.500 to await the Court's decision.[2] In pertinent part, the United States Supreme Court affirmed that a *599 trial court can impose an exceptional sentence only when a jury has found the alleged aggravating circumstances beyond a reasonable doubt. Blakely, 542 U.S. at 301, 124 S.Ct. 2531.
¶ 4 In light of Blakely, on August 13, 2004, the State moved to impanel a jury to determine the aggravating circumstances in support of Rich's exceptional sentence. Since no jury was called at his initial sentencing hearing, Rich asked the trial court to sentence him within the standard range. On October 29, 2004, the State moved to continue sentencing because several relevant cases were before our Supreme Court. Rich agreed to a two-week continuance, but he asserted his right to speedy sentencing. On December 7, 2004, the trial court granted a continuance, setting review for January 27, 2005. The court then issued a series of orders continuing the proceedings, despite Rich's requests to go forward with sentencing.[3]
¶ 5 On April 14, 2005, the Washington Supreme Court ruled in State v. Hughes, 154 Wash.2d 118, 151-52, 110 P.3d 192 (2005), that superior courts lack authority to impanel juries to determine aggravating circumstances absent specific legislation to do so. That same day, the Washington State legislature passed a statuteknown as the "Blakely fix"authorizing superior courts to impanel a jury to determine aggravating factors at sentencing. Laws of 2005, ch. 68, § 1. The trial court set a hearing for arguments on the retroactivity of the Blakely fix legislation for September 23, 2005. On December 12, 2005, the trial court issued a memorandum opinion stating its intent to deny the State's motion to impanel a jury. Finally, on March 16, 2006, the court entered an order denying the State's motion to impanel a jury, ruling that the Blakely fix legislation did not apply retroactively and that it intended to sentence Rich within the standard range.
¶ 6 On April 14, 2006, the State appealed the trial court's ruling denying its motion to impanel a jury.[4] The State then moved to stay the appellate proceedings pending the decision in State v. Pillatos, 159 Wash.2d 459, 150 P.3d 1130 (2007), arguing that a stay would serve the best interests of both parties as well as judicial economy. Rich objected to the stay, asserting his right to speedy sentencing. He also argued that the State's request was based on waiting for a more favorable application of Blakely. Nonetheless, we granted the stay on May 31, 2006.
¶ 7 On January 25, 2007, the Pillatos court ruled that the 2005 changes in the law did not apply to cases where trials had already begun or guilty pleas had already been entered. Pillatos, 159 Wash.2d at 474, 150 P.3d 1130. We then lifted the stay on February 2, 2007, and ordered the State to file its brief within 45 days of the ruling. On April 23, 2007, the State moved to dismiss, representing that Pillatos controlled the sentencing issue. We dismissed the appeal and mandated the case back to the trial court for resentencing.
¶ 8 In the meantime, effective April 27, 2007, the Washington State legislature amended the law to provide superior courts with authority to impanel a jury at resentencing.[5] Laws of 2007, ch. 205, § 2(2). The State then, on September 11, 2007, renewed its motion to impanel a jury. Concluding that the 2007 amendment applied to Rich, the trial court granted the motion to impanel a jury. Rich appeals.

ANALYSIS

I. Speedy Sentencing
¶ 9 Rich claims that the long delay in sentencing violated his right to speedy sentencing and due process of law. The State counters that the delay, although lasting several *600 years, was unavoidable as post-Blakely issues worked their way through the appellate system and legislative process. The State also argues that the delay did not prejudice Rich because the standard range sentence for his crime is 26 years and an earlier sentencing would not have entitled him to be released at this stage.
¶ 10 The constitutional right to a speedy trial includes the right to a speedy sentencing. State v. Ellis, 76 Wash.App. 391, 394, 884 P.2d 1360 (1994). This right is violated when a delay in sentencing is "purposeful or oppressive." Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). In considering whether a delay is purposeful or oppressive, we balance four factors: (1) the length of the delay; (2) the defendant's assertion of his right; (3) the reason for the delay; and (4) the extent of prejudice to the defendant. Ellis, 76 Wash.App. at 394, 884 P.2d 1360.
¶ 11 Rich waived his right to a speedy sentence until Blakely was decided, after which he repeatedly objected to the continuances and the stay on appeal. From his first request for sentencing (October 29, 2004) until his own appeal (filed March 12, 2008), Rich's sentencing hearing was delayed without his consent for over three years. A delay in sentencing for over two years is excessive. State v. Modest, 106 Wash.App. 660, 664, 24 P.3d 1116 (2001); see also Ellis, 76 Wash. App. at 395, 884 P.2d 1360 (a delay in sentencing of two years is presumptively prejudicial). Thus, the first two factors weigh in Rich's favor.
¶ 12 The trial court has broad discretion to postpone sentencing for good cause. State v. Roberts, 77 Wash.App. 678, 685, 894 P.2d 1340 (1995). The trial court explained its delays:
Although allowing sufficient time for the Supreme Court of Washington to decide currently pending cases will necessitate some delay, there is no other way of achieving the objective of [the] State and Defendant to have only one resentencing hearing, and to provide for judicial economy. Any decision of this court to proceed before decisions by the Supreme Court of Washington would involve further delay and lack of finality by appeal of this court's decision, and would be likely to result in more than one re-sentencing hearing.
Br. of Appellant, Exh. M at 5. But the trial court's reasoning mischaracterizes the parties' objectives. Rich asked for sentencing within the standard range immediately following Blakely and repeated the request at each continuance thereafter. The record does not demonstrate that Rich's primary objective was to have only one resentencing hearing. Second, the sentencing court's concern about further delay and lack of finality was unjustified. The sentencing court had two options following Blakely: (1) it could have ruled that the State was entitled to a jury hearing on the aggravating factors or (2) it could have denied the request and sentenced Rich within the standard range. In either scenario, Rich would have prevailed on appeal following the Supreme Court's Hughes and Pillatos decisions and the case would have ended. The flaw in the trial court's reasoning was its belief that delaying sentencing was the most efficient manner to resolve the matter.
¶ 13 Moreover, the State's appeal of the trial court's denial of its motion to impanel a jury aggravated the delay. By successfully staying the appeal of this order, the State secured two means of obtaining an exceptional sentence: (1) a ruling in Pillatos that the 2005 legislative changes apply to Rich or (2) a further legislative change that the Blakely fix legislation applies to all pending cases, including Rich's resentencing. A sentencing court should not delay sentencing merely because the requesting party anticipates a favorable change in the law. See Roberts, 77 Wash.App. at 686, 894 P.2d 1340; see also U.S. v. Tanner, 544 F.3d 793 (7th Cir.2008). But even if the prosecutor was not strategizing an amendment to the 2005 law,[6] the State had no good reason to file the *601 interlocutory appeal. If the trial court had sentenced Rich to a standard range sentence in 2006, the State could have appealed, arguing that the Blakely fix legislation applied retroactively. See State v. Williams, 149 Wash.2d 143, 146-47, 65 P.3d 1214 (2003) (although the State cannot generally appeal a standard range sentence under RAP 2.2(b)(6), a challenge to claimed legal errors in determining which sentencing provisions apply is permissible). The State's position would not have changed significantly had it allowed Rich's sentencing to proceed. Thus, even if not undertaken in bad faith, the State's delay lacked good cause. Because a prosecutor must show good cause for a delay, Ellis, 76 Wash.App. at 395, 884 P.2d 1360, the State's lack of valid grounds violated Rich's right to speedy sentencing.
¶ 14 Finally, we disagree with the State that the delays did not prejudice Rich because his standard range sentence was 26 years. The harm to Rich was not the lost opportunity for an earlier release but the loss of a standard range sentence to which he was entitled had the case gone to sentencing before the 2007 amendment. The 2007 amendment foreclosed Rich's ability to seek a standard range sentence at a resentencing hearing under the current law. Accordingly, the State's delays prejudiced Rich.
¶ 15 All four of the factors weigh in Rich's favor. We vacate the trial court's order allowing a jury to be impaneled and remand for the trial court to impose the standard range sentence available in 2006.

II. Statement of Additional Grounds (SAG)
¶ 16 In his SAG, Rich seeks to limit the use of the phrase "stab wound" to describe some of the victim's injuries. This issue, which pertains to the multiple injury aggravating factor, is likely moot given that we are remanding for resentencing within the standard range. Regardless, it is a matter that is outside the record and is therefore not reviewable. State v. McFarland, 127 Wash.2d 322, 333, 899 P.2d 1251 (1995).
¶ 17 We reverse and remand for resentencing.
We concur: VAN DEREN, J., and WORSWICK, A.C.J.
NOTES
[1] The underlying facts have been previously litigated. See State v. Rich, 117 Wash.App. 1055, 2003 WL 21528947 *1 (Wash.App. Div. 2 (July 8, 2003)). Rich admitted that he slit the victim's throat with a knife and took his wallet.
[2] Rich failed to designate several relevant court documents as clerk's papers in this appeal. Although attached to his brief as exhibits, many of the documents he relies on are not officially part of the record. The State, however, does not dispute Rich's statement of facts in his brief. Thus, we accept Rich's statement of the facts and decide his arguments on the merits.
[3] The bases for these continuances are unclear from the record. Presumably, relevant Blakely issues were before the Washington State Supreme Court.
[4] Although the trial court's order was not a final order, we did not require the State to seek discretionary review.
[5] The legislature amended former RCW 9.94A.537 (2007) to express its intent that superior court judges have authority to impanel sentencing juries to find aggravating circumstances in all cases that come before the court for sentencing or resentencing, regardless of the date of the original trial or sentencing. Laws of 2007, ch. 205, § 1.
[6] Rich argues that the State purposefully delayed his sentencing to ensure a favorable interpretation of Blakely. He asserts that the prosecuting attorney contacted a representative in the legislature to help prepare the 2007 amendment allowing juries to be impaneled in cases such as his and requested that the legislator "pull the bill to the floor" specifically for Rich's case. Br. of Appellant at 8-9; Report of Proceedings at 162.