## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

SHARON ELAINE CARSON,

Appellant,

In the Matter of the Personal Restraint of:

SHARON ELAINE CARSON,

Petitioner.

No. 55981-1-II

Consolidated with
No. 55972-2-II

UNPUBLISHED OPINION

LEE, J. — Sharon E. Carson appeals an order amending her judgment and sentence following a resentencing hearing on remand. Carson argues that the trial court violated her constitutional right to counsel and her constitutional right to be present, and abused its discretion by failing to waive a DNA collection fee. Carson also brings a personal restraint petition (PRP), again arguing that the trial court violated her constitutional right to counsel and her constitutional right to be present, as well as arguing that the trial court violated her right to speedy sentencing and erred by failing to dismiss three school bus stop sentencing enhancements.

As to the issue of a violation of the constitutional right to counsel at resentencing raised in Carson's direct appeal and PRP, we hold that the trial court violated Carson's right to counsel and the violation requires reversal and remand for resentencing. As to the issue of a violation of Carson's right to speedy sentencing raised in Carson's PRP, we hold that Carson has failed to

No. 55981-1-II, Consol. w/55972-2-II

make the prima facie showing of actual and substantial prejudice required for her speedy sentencing claim. Because we reverse and remand for resentencing due to a violation of Carson's right to counsel, we do not address Carson's arguments that the trial court violated her constitutional right to be present,[1] abused its discretion in imposing the DNA collection fee,[2] and erred by failing to dismiss the three school bus stop sentencing enhancements.[3] Accordingly, we grant Carson's PRP in part, reverse the order amending Carson's judgment and sentence, and remand for resentencing in accordance with the remand instructions in *State v. Carson*, No. 52812-6-II, slip op. at 1-2, 15 (Wash. Ct. App. Oct. 27, 2020) (unpublished).[4]

---

[1] We note that even if this issue is reached, Carson's argument regarding a violation of the right to be present at the resentencing hearing fails because Carson waived her right to be present at the resentencing hearing.

[2] We note that even if this issue is reached, Carson provides no argument in briefing on this claim. Also, the record shows that the DNA collection fee was stricken by a separate court order.

[3] We note that even if this issue is reached, Carson's contention that the trial court should have dismissed the school bus stop enhancements in their entirety fails. The school bus stop sentencing enhancements were only before the trial court on remand for a determination of whether the school bus stop enhancements should be served consecutively or concurrently. *See State v. Carson*, No. 52812-6-II, slip op. at 1-2 (Wash. Ct. App. Oct. 27, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2052812-6-II%20Unpublished%20Opinion.pdf. ("We vacate the consecutive imposition of the school bus stop sentence enhancements and remand for the trial court to determine if an exceptional sentence imposing the enhancements consecutively to each other is appropriate under RCW 9.94A.535.") On remand, the trial court did not have the ability to overturn the jury's special verdicts that found the school bus stop sentencing enhancements applied by dismissing the sentencing enhancements in their entirety, and Carson cites no source that suggests otherwise.

[4] https://www.courts.wa.gov/opinions/pdf/D2%2052812-6-II%20Unpublished%20Opinion.pdf.

FACTS

A jury found Carson guilty of three counts of delivering a controlled substance (methamphetamine) and one count of unlawful use of a building for drug purposes. *Carson*, No. 52812-6-II, slip op. at 1, 3. The jury found by special verdict that each of the three methamphetamine deliveries occurred within 1,000 feet of a school bus stop. *Id*. at 3.

At sentencing, the trial court ordered that the three school bus stop sentencing enhancements be served consecutively to each other. *Id*. at 4-5. The trial court ordered 120 months of total confinement, 72 months of which were school bus stop sentencing enhancements. *Id*. The trial court did not indicate that it was imposing an exceptional sentence. *Id*. at 5. The trial court also found Carson indigent, waived some LFOs, and imposed a $100 DNA collection fee. *Id*.

Carson appealed. *Id*. Carson argued that the trial court erred by imposing the school bus stop sentencing enhancements consecutively to each other. *Id*. Carson also argued that the trial court erred by imposing the DNA collection fee because she was indigent and her DNA had already been collected for a prior 1998 felony. *Id*. at 9.

On October 27, 2020, we held that the trial court erred by imposing the three school bus stop sentencing enhancements consecutively to each other without following the exceptional sentence provisions of RCW 9.94A.535.[5] *Carson*, No. 52812-6-II, slip op. at 8. We remanded the

---

[5] RCW 9.94A.535 provides that sentencing courts may impose sentences outside the standard range if it finds that there are substantial and compelling reasons justifying an exceptional sentence and sets forth the reasons for its decision in written findings of fact and conclusions of law.

RCW 9.94A.535 was amended in 2019. However, there were no substantive changes made affecting this opinion; therefore we cite to the current statute.

case with instructions to the trial court "to determine if an exceptional sentence imposing the enhancements consecutively to each other is appropriate under RCW 9.94A.535." *Id.* at 2.

We also held that the trial court's imposition of the DNA collection fee was improper because the State did not rebut the presumption that Carson's DNA had previously been collected. *Id.* at 10. We instructed the trial court to "strike the DNA collection fee unless the State meets its burden" on remand. *Id.* at 9. Accordingly, we

> vacate[d] the imposition of the three school bus stop sentence enhancements to the extent the trial court imposed them consecutively to each other . . . [and] remand[ed] for resentencing in accordance with RCW 9.94A.589 and RCW 9.94A.535 and for reconsideration of the DNA collection fee.

*Id.* at 15. We issued the mandate to the trial court on December 4.

On January 11, 2021, Carson signed a waiver that stated:

> I understand that I have the right to attend the sentencing hearing. I waive (give up) my right to attend the court hearing, request the court accept my waiver and authorize my attendance by telephone or electronic means for the hearing to amend the judgment and sentence.

Clerk's Papers (CP) at 13 (underline omitted).

On May 4, Carson moved for the trial court to open and amend her judgment. In her motion, Carson requested that the trial court set a date, time, and place for resentencing on remand. Carson's motion stated that she was incarcerated and, therefore, "would like to request to waive her rights to be present at the hearing." CP at 22. Carson's May 4 motion did not mention anything about attending the hearing remotely.

On June 4, the trial court held a resentencing hearing. The judge and prosecutor were present at the hearing, but Carson and her attorney were not present. The trial court asked if there

4

was something in the record waiving Carson's right to be present. The prosecutor handed the trial court "something that has been filed and signed by Ms. Carson" that "indicates that the defendant is currently incarcerated and therefore requests to waive her rights to be present at the hearing." Verbatim Report of Proceedings at 3. The trial court then proceeded with the resentencing hearing.

At the resentencing hearing, the trial court ruled that the three school bus stop sentencing enhancements be served concurrently. This brought Carson's total sentence to 72 months confinement, with 24 months resulting from the school bus stop sentencing enhancements. The trial court entered an order amending Carson's judgment and sentence reflecting its decision to impose the three school bus stop enhancements concurrently.

The trial court did not address the DNA collection fee at the resentencing hearing. But on July 1, on the State's motion, the trial court struck the DNA collection fee from Carson's judgment and sentence.

Carson appeals and seeks relief from personal restraint.[6]

---

[6] Carson's direct appeal and PRP were consolidated in October 2021. Ruling (Oct. 12, 2021). In November 2021, Carson's appellate counsel filed a "supplemental brief of petitioner" on Carson's behalf. Suppl. Br. of Pet'r (capitalization omitted). This supplemental brief and the initial handwritten PRP are the only sources of argument received from Carson. The "supplemental brief" is captioned as part of the PRP but makes assignments of error as though it is the opening brief in a direct appeal. The brief does not use the PRP standard of review. This opinion addresses the claims in the "supplemental brief of petitioner" as though they were made both on direct appeal and as part of Carson's PRP.

ANALYSIS

A.    RIGHT TO COUNSEL AT RESENTENCING

Carson argues that the trial court violated her right to counsel at her resentencing hearing on remand.[7]  We agree.

Under both the United States Constitution and the Washington Constitution, criminal defendants have the right to the assistance of counsel at critical stages in the litigation.  U.S. CONST. amend. VI; WASH. CONST. art. 1, § 22; *State v. Heddrick*, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009).  "A complete denial of counsel at a critical stage of the proceedings is presumptively prejudicial and calls for automatic reversal."  *Id.* at 910.  A critical stage is one at which the defendant may lose rights, waive defenses, claim or waive privileges, or in which the outcome of the case is otherwise substantially affected.  *Id.*

Sentencing, including resentencing, is a critical stage of the proceedings at which a defendant is constitutionally entitled to be represented by counsel.  *State v. Anderson*, 19 Wn. App. 2d 556, 562, 497 P.3d 880 (2021), *review denied*, 199 Wn.2d 1004 (2022).  "'Generally, this right exists whenever a court considers any matter in connection with a defendant's sentence.'"  *State v. P.B.T.*, 67 Wn. App. 292, 296-97, 834 P.2d 1051 (1992) (quoting *State v. Rupe*, 108 Wn.2d 734, 741, 743 P.2d 210 (1987), *cert. denied*, 486 U.S. 1061, *rehearing denied*, 487 U.S. 1263 (1988)), *review denied*, 120 Wn.2d 1021 (1993).  However, the name of the stage in the criminal proceeding is not controlling, and this court looks at the substance of the proceedings to see if there was a

---

[7] Carson argues that the trial court violated her right to counsel in her "supplemental brief of petitioner" on Carson's behalf.  Suppl. Br. of Pet'r (capitalization omitted).  This opinion addresses the right to counsel claim as though it was made both on direct appeal and as part of Carson's PRP.

possibility of prejudice to the defendant. *In re Pers. Restraint of Sanchez*, 197 Wn. App. 686, 703, 391 P.3d 517, *review denied*, 189 Wn.2d 1023 (2017).

Here, Carson was resentenced on remand from this court. Part of this court's instructions on remand was for the trial court to "reconsider the DNA collection fee" because Carson had a 1998 felony conviction, which gave rise to the presumption that the State had previously collected Carson's DNA. *Carson*, No. 52812-6-II, slip op. at 2, 9-10. This court instructed the trial court to strike the DNA collection fee if the State was unable to rebut the presumption on remand. *Id*. at 9.

The remand instructions placed the trial court in a position to hear evidence from the State and make a factual determination as to whether Carson's DNA had previously been collected. This factual finding would determine whether the DNA collection fee would be imposed on Carson.[8] Therefore, there was a possibility of prejudice to Carson at the resentencing hearing on remand, which made the hearing a critical stage of Carson's criminal proceedings.[9] *See Sanchez*, 197 Wn.

---

[8] The trial court did not ultimately consider the DNA collection fee at the resentencing hearing and appears to have overlooked that instruction from this court. The DNA collection fee was stricken upon the State's motion a few weeks after the resentencing hearing. The trial court's failure to address the DNA collection fee at the resentencing hearing only underscores the prejudice that could result from a complete denial of the right to counsel at this stage of Carson's criminal proceedings.

Also, with regard to the DNA collection fee, Carson's supplemental PRP brief claims that the trial court abused its discretion in failing to waive the DNA collection fee. However, Carson provides no argument on this claim outside of the "critical stage" analysis regarding the right to counsel. Regardless, the DNA collection fee was already stricken by the trial court in a separate order, and any request for relief regarding the DNA collection fee is moot.

[9] The trial court was also instructed to "determine if an exceptional sentence imposing the [school bus stop] enhancements consecutively to each other is appropriate under RCW 9.94A.535."

App. at 703. Because the resentencing hearing was a critical stage of the proceedings, Carson was entitled to be represented by counsel. *See Heddrick*, 166 Wn.2d at 909.

Instead, the trial court held the hearing with only the judge and the prosecutor present. The total absence of Carson's attorney constituted a complete denial of counsel.[10] Because the trial court completely denied Carson's right to counsel at a critical stage of her proceedings, the error is presumptively prejudicial and warrants automatic reversal, both on direct appeal and as part of Carson's PRP. *Heddrick*, 166 Wn.2d at 910; *cf. Sanchez*, 197 Wn. App. at 703 (petitioner required to show actual and substantial prejudice because denial of counsel did not occur at critical stage of proceedings).[11]

Accordingly, we reverse the order amending Carson's judgment and sentence and remand for the trial court to resentence Carson on the school bus stop sentencing enhancements as

---

*Carson*, No. 52812-6-II, slip op. at 2. RCW 9.94A.535(2) and (3) provide reasons why an exceptional sentence upward could be imposed. RCW 9.94A.535(3) lists aggravating circumstances that could be found by a jury, which did not exist in this case. *Carson*, No. 52812-6-II, slip op. at 7. RCW 9.94A.535(2) provides a list of aggravating circumstances that could be found by the trial court. The record does not provide any insight as to whether or not these reasons are applicable in Carson's case. However, we do not decide that there was a possibility of prejudice to Carson during the trial court's reconsideration of an exceptional sentence on the school bus stop enhancements because there was already a possibility of prejudice regarding the DNA collection fee, which rendered the resentencing hearing a "critical stage" of the proceedings.

[10] While Carson waived her own right to be present at the resentencing hearing, nothing in the record suggests that she waived her right to counsel.

[11] We note that despite the absence of counsel, Carson received the most favorable sentencing outcome possible.

previously instructed by this court in *Carson* with Carson's counsel present.[12] This court's instructions to the trial court on the school bus stop sentencing enhancements remain unchanged from the previous decision: "determine if an exceptional sentence imposing the enhancements consecutively to each other is appropriate under RCW 9.94A.535." *Carson*, No. 52812-6-II, slip op. at 2.

B.      SPEEDY SENTENCING[13]

In her PRP, Carson contends that the trial court violated her right to speedy sentencing. We disagree.

1.      Standard Of Review

To be entitled to relief in a PRP, the petitioner must show either (1) a constitutional error resulting in actual and substantial prejudice, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013).

A petitioner must provide evidentiary support for their allegations. RAP 16.7(a)(2). If the trial court record does not support the petitioner's factual allegations, then the petitioner must show through affidavits or other forms of corroboration that competent and admissible evidence will establish the factual allegations. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086,

---

[12] The DNA collection fee was stricken in a separate order that is not before this court on appeal or as part of Carson's PRP. Therefore, the trial court need not address the DNA collection fee on remand.

[13] Because we reverse and remand for resentencing based on the violation of Carson's right to counsel, we need not consider Carson's other arguments.

*cert. denied*, 506 U.S. 958 (1992). In response, the State must produce its own competent evidence. *Id.*

2.    Additional Facts

As of October 27, 2021, Carson's projected release date is September 2, 2022.

3.    Analysis

Here, Carson contends that the trial court violated her constitutional right to speedy sentencing, so she must show actual and substantial prejudice.[14] A delay in resentencing after remand does not prejudice a defendant where it does not affect the amount of time served prior to resentencing. *See State v. Modest*, 106 Wn. App. 660, 665, 24 P.3d 1116 (no prejudice where delay of over two years did not affect the amount of time served prior to resentencing hearing), *review denied*, 145 Wn.2d 1010 (2001).

Here, Carson was incarcerated on her underlying convictions for the entirety of the delay and received the shortest possible sentence as a result of the resentencing hearing on remand.[15]

---

[14] Carson also references CrR 7.1 and former RCW 9.94A.110, which was recodified as RCW 9.94A.500 in 2001. CrR 7.1 and RCW 9.94A.500 set forth timelines for the initial sentencing hearing following a conviction. However, this rule and statute do not apply to resentencing on remand. *State v. Modest*, 106 Wn. App. 660, 664, 24 P.3d 1116, *review denied*, 145 Wn.2d 1010 (2001).

    RCW 9.94A.500 was amended in 2021, but no substantive changes were made affecting this opinion. Therefore, we cite to the current statute.

[15] Carson contends that the trial court should have dismissed the school bus stop sentencing enhancements in their entirety. However, the school bus stop sentencing enhancements were only before the trial court on remand for a determination of how the school bus stop enhancements should be served—consecutively or concurrently. *See Carson*, No. 52812-6-II, slip op. at 1-2 ("We vacate the consecutive imposition of the school bus stop sentence enhancements and remand for the trial court to determine if an exceptional sentence imposing the enhancements consecutively

No. 55981-1-II, Consol. w/55972-2-II

*See Carson*, No. 52812-6-II, slip op. at 4-5. With this best-case-scenario sentence, Carson's projected release date is September 2, 2022. Therefore, because the delay in resentencing did not affect the amount of time Carson served before the resentencing hearing occurred, Carson has failed to show that she was prejudiced by the delay. *See Modest*, 106 Wn. App. at 665. Accordingly, Carson fails to make the required prima facie showing of actual and substantial prejudice.

We grant Carson's PRP in part, reverse the order amending judgment and sentence, and remand for the trial court to resentence Carson on school bus stop sentencing enhancements in accordance with the remand instructions in *State v. Carson*, No. 52812-6-II, slip op. at 1-2, 15.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Veljacic, J.

---

to each other is appropriate under RCW 9.94A.535.") On remand, the trial court did not have the ability to overturn the jury's special verdicts by dismissing the school bus stop sentencing enhancements in their entirety, and Carson cites no source that suggests otherwise.

11