IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38142-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KELLY EUGENE SMALL, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Kelly Small asserts that his right to speedy sentencing was violated when the State delayed his resentencing for over two years following a remand by this court. Small argues that this delay was purposeful or oppressive, and that it resulted in the Federal District Court denying his habeas petition. Small argues that he suffered prejudice as a result of this denial. The State concedes that the delay was unnecessary and excessive, but asserts that Small did not suffer prejudice as a result of the delay, did not sufficiently assert his right, and that the time he served was unaffected. We affirm, finding that Small's right to a speedy sentencing was not violated because he is unable to show prejudice from the delay.

BACKGROUND

In 2012, Kelly Small was convicted of murder in the first degree, rape in the first degree, and burglary in the first degree. *See State v. Small*, 1 Wn. App. 2d, 254, 404 P.3d 543 (2017). The jury found there was sexual motivation for the murder and burglary. *Id.* at 257. Small was sentenced to life in prison without the possibility of parole for the murder conviction. *Id.* For the burglary conviction, Small was sentenced to 113 months concurrent; 89 months for the standard range, and a 24-month enhancement from the sexual motivation finding. Clerk's Papers at 10. Small's sentence for the murder and burglary charges was to run consecutive to the rape charge in this case, and consecutive to the 380-month term of confinement for a separate rape conviction. *Id.* Small appealed to this Court. *Id.*

On November 2, 2017, this Court affirmed Small's convictions, but remanded for resentencing after concluding that the trial court erred by enhancing Small's sentencing range using an enhancement that did not exist at the time the crime occurred. This Court stated:

> Although we agree that little purpose is served in modifying the smallest concurrent sentence imposed in this case, it is erroneous and must be fixed since the judgement would otherwise be facially invalid. Accordingly, we remand for the trial court to either conduct a new sentencing proceeding on the burglary count or enter an agreed order correcting the standard range and imposing the new term within that range.

*State v. Smith*, No. 31226-7-III, slip op at 12 (Wash. Ct. App. Nov. 2, 2017) (unpublished

in part), https://www.courts.wa.gov/opinions/pdf/312267.pdf.  This was the scope of

remand relating to the trial courts decisions at resentencing, and the basis of Small's

motion to dismiss.

Based on the November 2, 2017, decision, this Court issued a mandate on May 14

2018.  On May 16, 2018, the prosecutor's office received a letter Small sent seeking

compliance with the remand.  It appears that no further action was taken until the

defendant sent another letter on November 11, 2020.  On November 19, 2020, the trial

court granted the State's order of production for Small to return to Okanogan County for

resentencing.  This order for production was terminated on December 4, 2020, due to

COVID[1] restrictions.  A telephonic hearing was scheduled for December 14, 2020, but

this hearing was not held.  There is no explanation in the record as to why the December

14 hearing was not held.

Small filed a motion to dismiss on January 8, 2021.  He was appointed an attorney

for this matter on February 8, 2021.  The hearing to address the mandate and the motion

to dismiss was then held on March 24, 2021, with Small and his assigned attorney present

via phone.  At the hearing, Small argued that his sentence was invalid, that the trial court

had refused to resentence him for 3 years, and that he could not move forward with his

---

[1] Coronavirus disease.

No. 38142-1-III
*State v. Small*

federal appeals. The trial court denied the motion to dismiss, and removed the 24-month sentencing enhancement to the burglary conviction. Small timely appeals.

ANALYSIS

The only issue in this appeal is whether Small's right to a speedy sentencing was violated. The Sixth Amendment to the United States Constitution and article I, § 22 of the Washington State Constitution guarantee a defendant the right to speedy sentencing. *State v. Bratton*, 193 Wn. App. 561, 563, 374 P.3d 178 (2016); *State v. Rupe*, 108 Wn.2d 734, 742, 743 P.2d 210 (1987). The constitutional right to a speedy trial includes the right to a speedy sentencing. *State v. Rich*, 160 Wn. App. 647, 652, 248 P.3d 597 (2011) (citing *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994). Violations of speedy trial are reviewed de novo. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009).

A sentencing delay that is "purposeful or oppressive" violates speedy sentencing rights. *State v. Modest*, 106 Wn. App. 660, 663-64, 24 P.3d 1116 (2001) (citing *Pollard v. United States*, 352 U.S. 354, 361, 77 S. Ct. 481, 1 L. Ed. 2d 393 (1957)). To determine whether a delay is purposeful or oppressive, this Court looks to four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the extent of any prejudice to the defendant. *Rupe*, 108 Wn.2d at 742; *Modest*, 106 Wn. App. at 663. However, as "the issue on appeal involves the timeliness of a *resentencing* hearing following remand by an appellate court. Accordingly, there is no court rule or statute that strictly applies." *Modest*, 106 Wn. App. at 664.

4

Here, the State concedes the first two factors under a *Rupe* analysis. Br. of Resp't at 6. Regarding the third factor from *Rupe*, courts look to whether the defendant asserted their right to a speedy sentencing in determining a potential violation. *Rupe*, 108 Wn.2d at 742. Small sent two letters to the State asking to be resentenced, thereby asserting his right to a speedy sentencing.

Under the fourth factor, a defendant must show actual prejudice resulting from the delay. *Rupe*, 108 Wn.2d at 743 (citing *United States v. Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)). A delay of over two years is presumptively prejudicial. *Modest*, 106 Wn. App. at 664 (citing *State v. Ellis*, 76 Wn. App. 391, 884 P.2d 1360 (1994)). Establishing the standard to overcome that presumption, the court in *Modest* additionally held that, "Although there was no valid excuse for the State's procrastination, the delay of over two years did not prejudice Mr. Modest since it did not affect the amount of time he served prior to the resentencing hearing." *Modest*, 106 Wn. App. at 665.

Here, concurrent to his sentence for burglary and rape, Small was and is serving a life sentence without the possibility of parole for murder in the first degree. *See Small*, 1 Wn.2d at 257. As such, the delay in the instant matter did not affect the amount of time Small served prior to the resentencing hearing.

Small additionally argues that he suffered actual prejudice from the delay when his habeas petition was denied. To establish that this petition was denied, Small provides a

single footnote citation to his federal case in that matter, characterizing the denial as premature. Appellant's Opening Br. at 4. Small does not otherwise provide reference to the record for this factual statement, as required under RAP 10.3(5). Small asks this court to establish precedent identifying a denied habeas petition as prejudicial in these circumstances, and cites to *State v. Rich*, 160 Wn. App. at 655 and *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996) to support this position by analogy. Small does not otherwise cite authority establishing such precedent.

As Small notes, the court in *Rich* found prejudice where the State's delay in resentencing caused Rich the loss of a standard range sentence. *Rich*, 160 Wn. App. at 655. Here, no such loss occurred and the time Small served was unaffected. As Small further notes, the Court in *Lonchar* did indeed state that the denial of a first habeas petition is a "particularly serious matter," but it did not otherwise establish prejudice resulting from such. *Lonchar v. Thomas*, 517 U.S. at 324-27.

Small's right to a speedy sentencing was not violated by the State's delay in resentencing. He is serving a life sentence without the possibility of parole, and as such the time he served was not affected by this delay. Nor did Small establish prejudice from the delay. The undue delay was not purposeful and oppressive and did not violate Small's right to a speedy sentencing.

6

No. 38142-1-III
*State v. Small*


        A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
                Staab, J.

WE CONCUR:


_____
Siddoway, C.J.


_____
Lawrence-Berrey, J.