# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47209-1-II |
| Respondent, | |
| v. | |
| BRUCE ELI BRATTON, | PUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Bruce Bratton appeals an order imposing his stayed sentence that was entered 18 months after our mandate affirming his conviction for unlawful possession of a controlled substance. Bratton argues that the order violates his constitutional speedy sentencing rights. We disagree and affirm the superior court's denial of Bratton's CrR 7.8(b)(5) motion.

## FACTS

Bratton was convicted of unlawful possession of a controlled substance following a bench trial on April 15, 2011. Bratton appealed. *State v. Bratton*, noted at 174 Wn. App. 1018 (2013). On June 7, 2011, the superior court sentenced Bratton to prison, but it stayed the execution of the sentence pending resolution of his appeal. We affirmed Bratton's conviction on March 19, 2013, and our mandate was filed on July 23, 2013. Fifteen months later, when the

Department of Corrections processed a subsequent judgment and sentence involving Bratton, the State realized Bratton's stay on this matter had not yet been lifted. On November 19, 2014, the State filed a motion to impose the stayed sentence. In response, Bratton filed a motion to dismiss pursuant to CrR 7.8(b)(5) for violation of his right to speedy sentencing.[1] The superior court denied Bratton's motion to dismiss, issued an Order Imposing Sentence, and denied Bratton's motion to stay the sentence pending appeal.[2] Bratton appeals.

## ANALYSIS

Bratton argues that the superior court erred in denying his CrR 7.8(b)(5) motion for relief from judgment because the delay between our mandate of his prior appeal and the State's motion to impose his stayed sentence violated his speedy sentencing rights. Because the Constitution does not mandate the "speedy enforcement" of a sentence, we disagree.

We review a superior court's denial of a CrR 7.8(b)(5) motion for relief from judgment for abuse of discretion. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445 (2011). A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds. *State v. Pierce*, 155 Wn. App. 701, 710, 230 P.3d 237 (2010).

The right to speedy sentencing is encompassed within the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994).

---

[1] The motion is described as a motion to "dismiss the charge." But Bratton brought the motion pursuant to CrR 7.8(b)(5), which is a motion for relief from judgment or order.

[2] The superior court did not enter a written order denying Bratton's motion, but made an oral ruling on the motion and issued an order imposing Bratton's sentence.

Washington courts have addressed a defendant's right to speedy sentencing following a plea or finding of guilt and have suggested prompt resentencing may also fall within speedy sentencing rights. *Ellis*, 76 Wn. App. at 394; *State v. Modest*, 106 Wn. App. 660, 664, 24 P.3d 1116 (2001) ("In general, a convicted defendant should not be subjected to needless and uncertain delay before a new sentence is imposed after remand by an appellate court."). But Washington courts have not addressed delays between pronouncement of a sentence and enforcement of that sentence, as is the issue here. Cases from other jurisdictions provide some guidance.

In 2011, the Court of Appeals of New Mexico addressed a claim nearly identical to this case. *State v. Calabaza*, 2011-NMCA-053, 149 N.M. 612, 252 P.3d 836. There, the trial court issued a bench warrant for Calabaza, who had been released pending appeal, nearly 13 months after Calabaza's conviction for battery was affirmed by the Court of Appeals. 252 P.3d at 838. The trial court denied Calabaza's subsequent motion to dismiss, and Calabaza appealed. 252 P.3d at 838. The appellate court held that delayed enforcement did not implicate a defendant's speedy trial rights. 252 P.3d at 840. The court noted that the purposes behind the speedy trial right were not necessarily to protect the defendant from the passage of time, but instead were intended to protect a defendant from impaired memories of witnesses, lost evidence, deprivation of witnesses, and other impairments on the ability to maintain his defense that can occur as a result of the passage of time. The court noted that such risks were not at issue in the speedy enforcement context because the defendant had already had a trial and been sentenced. 252 P.3d at 840.

3

In *United States v. Martinez*, 837 F.2d 861 (9th Cir. 1988), Martinez filed a

postconviction motion attacking his sentence after a seven-year delay between affirmation of his

conviction and the government's order to execute his sentence. 837 F.2d at 862-63. The Ninth

Circuit declined to determine whether Martinez had any Sixth Amendment right to speedy

enforcement. 837 F.2d at 866. Instead, the court held that Martinez had waived any such right

(if one in fact existed) because he had not requested that the execution of his sentence begin

promptly. 837 F.2d at 866. The court went on to apply a full-fledged Sixth Amendment

balancing test to hold that Martinez's assumed rights were not infringed.[3] 837 F.2d at 866-67.

In *United States v. Melody*, the Seventh Circuit referenced *Martinez* when it stated that

"we seriously doubt that any court would find [a Sixth Amendment right] once a sentence in fact

has been imposed." 863 F.2d 499, 505 (7th Cir. 1988). The court expressly refused to find that

such a right exists within the Sixth Amendment. 863 F.2d at 505.

Similarly, in *United States v. Sanders*, 452 F.3d 572, 579 (6th Cir. 2006), the Sixth

Circuit held that the right to a speedy trial ceases to apply when the conviction becomes

definitive, such as when the conviction is affirmed on direct appeal.

Bratton has not cited, nor has our research revealed, a case which has held that a

---

[3] In evaluating a Sixth Amendment claim, courts weigh four factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the speedy trial right, and (4) prejudice to the defendant. *Martinez*, 837 F.2d at 867.

defendant is entitled to speedy trial protection in the enforcement of an existing sentence. We do not recognize such a right for the first time here.[4]

We affirm the superior court's denial of Bratton's CrR 7.8(b)(5) motion.

                    Worswick, P.J.

We concur:

Lee, J.

Melnick, J.

---

[4] Even assuming speedy enforcement falls within a defendant's speedy sentencing rights, which we expressly do not, Bratton's claim fails. "'The constitutional duty of the state to make a diligent, good-faith effort to sentence, and thus petitioner's right to be sentenced, arises only upon the petitioner's demand.'" *Martinez*, 837 F.2d at 866 (quoting *Tinghitella v. California*, 718 F.2d 308, 313 (9th Cir. 1983)). Bratton made no such demand.