# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48406-4-II |
| Respondent, | |
| v. | |
| PAUL SCOTT BICKLE aka BICKEL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Paul Scott Bickle appeals from the Lewis County superior court's denial of his CrR 7.8 motion to modify his judgment and sentence. Bickle contends that the superior court erred by concluding that it lacked authority to modify his sentence to run concurrently with a later sentence imposed by the Pierce County superior court. Bickle also requests that we waive the imposition of appellate costs if the State prevails in this appeal. Because the superior court lacked statutory authority to modify Bickle's sentence to run concurrently with a later sentence imposed in a separate matter, we affirm the denial of his CrR 7.8 motion. Additionally, we exercise our discretion to waive appellate costs in this matter.

## FACTS

On February 16, 2011, the Lewis County superior court sentenced Bickle to a total of 68 months of confinement for his guilty plea convictions of second degree burglary, two counts of motor vehicle theft, first degree theft, and second degree theft. The Lewis County sentencing court ordered the 68-month sentence to run consecutive to another sentence previously imposed in Whitman County.

After Bickle's sentence was imposed in the Lewis County matter, the Pierce County superior court sentenced Bickle to 43 months of confinement for his guilty plea convictions of attempted second degree burglary, motor vehicle theft, and two counts of attempted motor vehicle theft. The Pierce County sentencing court ordered Bickle's 43-month sentence to run consecutive to all other cause numbers and sentences.

Bickle's judgment and sentence in his Lewis County matter became final on February 25, 2015. On October 30, 2015, Bickle filed a CrR 7.8 motion to modify his Lewis County judgment and sentence. Relevant to this appeal, Bickle's CrR 7.8 motion requested the Lewis County superior court to modify his sentence to run concurrent with the subsequently entered Pierce County sentence. At the December 2, 2015 hearing on Bickle's motion, the Lewis County superior court stated that it lacked authority to run his Lewis County sentence concurrent with the later sentence entered in Pierce County. The Lewis County superior court further stated that only the Pierce County superior court had discretion to run his later sentence concurrent or consecutive to his sentence in the Lewis County matter. The superior court entered a written order denying Bickle's CrR 7.8 motion that same day. Bickle appeals.

ANALYSIS

I. CrR 7.8 Motion

Bickle contends that the Lewis County superior court erred in denying his CrR 7.8 motion by concluding that it lacked discretion to modify his sentence to run concurrent with a subsequently imposed Pierce County sentence. We disagree.

We review a superior court's decision on a CrR 7.8(b) motion for an abuse of discretion. *State v. Bratton*, 193 Wn. App. 561, 563, 374 P.3d 178 (2016). "[A]pplication of an incorrect

legal analysis or other error of law can constitute abuse of discretion." *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). And "[w]here the sentencing court fails to exercise its discretion because it incorrectly believes it is not authorized to do so, it abuses its discretion." *State v. Solis-Diaz*, 194 Wn. App. 129, 136, 376 P.3d 458 (2016) (petition for review pending, No. 93279-4).

A trial court may only impose a sentence that is authorized by statute. *State v. Barnett*, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). We review a trial court's interpretation of a statute de novo. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). When interpreting a statute, we look first to the statute's plain language. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). If the statute's plain language is unambiguous, our inquiry ends, and we enforce the statute "in accordance with its plain meaning." *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

The statute governing the imposition of consecutive or concurrent sentences, former RCW 9.94A.589 (2002), provides in relevant part:

> (3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence *which has been imposed* by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced *unless the court pronouncing the current sentence* expressly orders that they be served consecutively.

No. 48406-4-II

(Emphasis added). Bickle appears to argue that this statutory provision vested the Lewis County superior court with authority to modify his sentence to run concurrent with his later imposed Pierce County sentence.[1] He is incorrect.

Former RCW 9.94A.589(3) plainly and unambiguously vests only "the court pronouncing *the current sentence*" with discretion to expressly order the *current sentence* to be served consecutive or, in the absence of an express order, to be served concurrent "with any felony sentence *which has been imposed*" by another court. (Emphasis added). Under this plain and unambiguous language, the later sentencing court has the sole discretion to impose a sentence concurrent with or consecutive to a sentence previously imposed by another court. Because the superior court properly determined that it lacked statutory authority to modify Bickle's sentence to run concurrent with his subsequent Pierce County sentence, we affirm the denial of his CrR 7.8 motion.

## II. APPELLATE COSTS

Bickle requests that we decline to award the State appellate costs in this matter due to his indigency. Under RCW 10.73.160(1), we have broad discretion to grant or deny appellate costs to the prevailing party. *State v. Nolan*, 141 Wn.2d 620, 628, 8 P.3d 300 (2000); *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016). Ability to pay appellate costs is an important factor when deciding whether to exercise this discretion, although

---

[1] In his brief, Bickle argues that "nothing in [former RCW 9.94A.589(3)] restricts the prior sentencing court from revisiting an earlier sentence after subsequent imposition of a consecutive sentence by another sentencing court." Br. of Appellant at 2. But this argument, taken at face value, misinterprets a trial court's sentencing authority. A trial court does not have inherent sentencing authority to impose a sentence restricted by statutory limitations but, rather, may only impose a sentence that is authorized by statute. *Barnett*, 139 Wn.2d at 464.

4

it is not the only relevant factor. *Sinclair*, 192 Wn. App. at 389. The superior court entered an order finding Bickle to be indigent. Under RAP 15.2(f), we presume Bickle to remain indigent "throughout the review" unless the trial court finds otherwise. Accordingly, we exercise our discretion to waive appellate costs in this matter.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Sutton, J.