IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55584-1-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| JEREMY DUSTIN HUBBARD, | |
| Respondent. | |

WORSWICK, J. — The State appeals the trial court's order granting Jeremy Hubbard's motion to modify the conditions of his community custody and allowing him unsupervised contact with his children and grandchildren. The State argues that the motion to modify was time barred and that the trial court lacked authority to modify the conditions of Hubbard's community custody. We disagree and affirm the trial court's order granting Hubbard's motion to modify the terms of his community custody.

FACTS

In 2005, Hubbard pleaded guilty to first degree child rape, domestic violence. The victim was his seven year old stepdaughter. The trial court imposed a special sexual offender sentencing alternative (SSOSA). In June 2006, the trial court revoked the suspension of Hubbard's 123-month prison sentence after finding that Hubbard had violated the conditions of his SSOSA.

Hubbard was released from prison in March 2015, subject to lifetime community custody. Hubbard's community custody conditions included prohibiting him from possessing or accessing sexually explicit materials, prohibiting him from remaining overnight in a residence

where minor children live without prior approval from his CCO, prohibiting him from dating individuals or forming relationships with families who have minor children without prior approval from his CCO, and prohibiting him from using, possessing, or controlling any alcohol.

In May 2020, Hubbard moved to modify his lifetime community custody conditions. Hubbard's new wife was pregnant with their first child, and he sought to modify his community custody conditions to permit unsupervised contact with his biological children and any future grandchildren. Hubbard also sought to be able to attend public events where his children or grandchildren were participating such as concerts, plays, and sporting events. Additionally, Hubbard asked the trial court to modify the community custody conditions to allow alcohol in his home, to allow Hubbard to go to casinos, and to allow Hubbard to view adult, legal pornography. The trial court granted Hubbard's motion to modify but required that Hubbard's contact with his children and grandchildren be supervised.

In December 2020, Hubbard filed another motion to modify his community custody conditions, seeking unsupervised contact with his infant daughter. The State opposed Hubbard's motion, arguing that the trial court lacked jurisdiction to modify the sentence and that even if it had jurisdiction, unsupervised contact was inappropriate. The trial court concluded that it had the authority to modify community custody conditions under CrR 7.8(b)(5) and granted Hubbard's motion to modify his community custody conditions to permit unsupervised contact with his children and grandchildren. The trial court's modification order provided that if the State developed a reasonable suspicion that Hubbard poses a threat to community safety, including that of his children or grandchildren, it has the authority to immediately reinstate the

no contact provisions or require that contact be supervised, subject to later review by the superior court.

The State appeals the trial court's order modifying Hubbard's community custody conditions to allow unsupervised contact with Hubbard's children and grandchildren.

ANALYSIS

As an initial matter, the State argues that Hubbard's motion is time barred. CrR 7.8(b) provides that a motion brought under CrR 7.8(b)(5) must be made "within a reasonable time." Hubbard's motion to modify satisfies this requirement. He brought his motion to modify three months prior to the birth of his child and renewed the motion six months after she was born. Given that the grounds justifying relief did not arise until Hubbard became a parent, Hubbard brought his motion "within a reasonable time" by filing it when the circumstance arose.

The State also argues that the trial court lacked authority to modify the conditions of Hubbard's community custody. We disagree.

The superior court has authority, on motion and upon such terms as are just, to relieve a party from a final judgment for "'[a]ny other reason justifying relief from the operation of the judgment.'" *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011); CrR 7.8(b)(5). Final judgments should be vacated or altered "only in those limited circumstances where the interests of justice most urgently require." *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989). "A violation of a fundamental constitutional right, such as the right to parent, would be a reason to justify relief." *State v. McGuire*, 12 Wn. App. 2d 88, 94, 456 P.3d 1193 (2020). "CrR 7.8(b)(5) will not apply when the circumstances used to justify the relief existed at the time the judgment was entered." *Smith*, 159 Wn. App. at 700.

3

No. 55584-1-II

We review a trial court's decision on a CrR 7.8(b)(5) motion for abuse of discretion. *State v. Bratton*, 193 Wn. App. 561, 563, 374 P.3d 178 (2016). "A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds." *Bratton*, 193 Wn. App. at 563.

The State contends that this case is nearly identical to our recent unpublished opinion in *State v. Hoch*.[1]  *Hoch* is instructive but easily distinguishable. There, Hoch appealed the trial court's denial of his CrR 7.8 motion to modify the conditions of his community custody arguing that the prohibition against having contact with any minors violated his fundamental right to the care and companionship of his biological children. *Hoch*, No. 52256-0-II, slip op. at 1. We held that the trial court lacked the authority to modify the conditions of his custody because Hoch did not establish that the circumstances he used to justify relief did not exist at the time the judgment was entered. *Hoch*, No. 52256-0-II, slip op. at 8. Specifically, we noted that Hoch failed to show that his children did not exist or that he had no parental rights to protect at the time the judgment was entered. *Hoch*, No. 52256-0-II, slip op. at 8.

Here, unlike in *Hoch*, it is well established that Hubbard did not have any biological children at the time the trial court entered his judgment and sentence in 2005. Hubbard had no parental rights to protect until the birth of his child in 2020. The facts of this case are more similar to *McGuire*, 12 Wn. App. 2d at 88. There, we held that McGuire was entitled to relief under CrR 7.8(b)(5) from a no contact order prohibiting him from contacting the mother of his

---

[1] *State v. Hoch*, No. 52256-0-II (Wash. Ct. App. June 2, 2020), https://www.courts.wa.gov/opinions/pdf/D2%2052256-0-II%20Unpublished%20Opinion.pdf. Unpublished opinions filed on or after March 1, 2013, may be cited as persuasive authority per GR 14.1.

4

child under any circumstances where the child had not yet been born when the no contact order was entered. *McGuire*, 12 Wn. App. 2d at 93-95.

Because Hubbard's argument to modify the community custody condition involved a fundamental constitutional right to parent, which did not exist at the time the judgment was entered, CrR 7.8(b)(5) applies, and the trial court had the authority to exercise its discretion. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Nevin, J., Pro Tempore[2]

---

[2] Judge Nevin is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.