# NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Filed
Washington State
Court of Appeals
Division Two

April 26, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55584-1-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| JEREMY DUSTIN HUBBARD, | |
| Respondent. | |

WORSWICK, J. — The State appeals the trial court's order granting Jeremy Hubbard's motion to modify the conditions of his community custody and allowing him unsupervised contact with his children and grandchildren. The State argues that the motion to modify was time barred and that the trial court lacked authority to modify the conditions of Hubbard's community custody. We disagree and affirm the trial court's order granting Hubbard's motion to modify the terms of his community custody.

## FACTS

In 2005, Hubbard pleaded guilty to first degree child rape, domestic violence. The victim was his seven year old stepdaughter. The trial court imposed a special sexual offender sentencing alternative (SSOSA). In June 2006, the trial court revoked the suspension of Hubbard's 123-month prison sentence after finding that Hubbard had violated the conditions of his SSOSA.

No. 55584-1-II

Hubbard was released from prison in March 2015, subject to lifetime community custody. Hubbard's community custody conditions included prohibiting him from possessing or accessing sexually explicit materials, prohibiting him from remaining overnight in a residence where minor children live without prior approval from his CCO, prohibiting him from dating individuals or forming relationships with families who have minor children without prior approval from his Community Corrections Officer (CCO), and prohibiting him from using, possessing, or controlling any alcohol.

In May 2020, Hubbard moved to modify his lifetime community custody conditions. Hubbard's new wife was pregnant with their first child, and he sought to modify his community custody conditions to permit unsupervised contact with his biological children and any future grandchildren. Hubbard also sought to be able to attend public events where his children or grandchildren were participating such as concerts, plays, and sporting events. Additionally, Hubbard asked the trial court to modify the community custody conditions to allow alcohol in his home, to allow Hubbard to go to casinos, and to allow Hubbard to view adult, legal pornography. The trial court granted Hubbard's motion to modify but required that Hubbard's contact with his children and grandchildren be supervised.

In December 2020, Hubbard filed another motion to modify his community custody conditions, seeking unsupervised contact with his infant daughter. The State opposed Hubbard's motion, arguing that the trial court lacked jurisdiction to modify the sentence and that even if it had jurisdiction, unsupervised contact was inappropriate. The trial court concluded that it had the authority to modify community custody conditions under CrR 7.8(b)(5) and granted Hubbard's motion to modify his community custody conditions to permit unsupervised contact

No. 55584-1-II

with his children and grandchildren. The trial court's modification order provided that if the State developed a reasonable suspicion that Hubbard poses a threat to community safety, including that of his children or grandchildren, it has the authority to immediately reinstate the no contact provisions or require that contact be supervised, subject to later review by the superior court.

The State appeals the trial court's order modifying Hubbard's community custody conditions to allow unsupervised contact with Hubbard's children and grandchildren.

ANALYSIS

I. TIMELINESS

As an initial matter, the State argues that Hubbard's motion is time barred. CrR 7.8(b) provides that a motion brought under CrR 7.8(b)(5) must be made "within a reasonable time." Hubbard's motion to modify satisfies this requirement. He brought his motion to modify three months prior to the birth of his child and renewed the motion six months after she was born. Given that the grounds justifying relief did not arise until Hubbard became a parent, Hubbard brought his motion "within a reasonable time" by filing it when the circumstance arose.

Our timeliness inquiry does not end with CrR 7.8, however. A CrR 7.8 motion "is further subject to RCW 10.73.090, .100, .130, and .140." RCW 10.73.090 provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." The time limit does not apply if the

3

No. 55584-1-II

petition is based on one or more of the statutory exceptions identified in RCW 10.73.100, including newly discovered evidence uncovered with reasonable diligence.[1]

In determining whether the exemption for newly discovered evidence has merit, we employ the same standard as that applicable to motions for a new trial based on newly discovered evidence. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 319-20, 868 P.2d 835 (1994). Specifically, the evidence must (1) be such that it would probably change the result; (2) have been discovered since trial; (3) not have been discoverable before trial by the exercise of due diligence, (4) be material, and (5) not be merely cumulative or impeaching. *Lord*, 123 Wn.2d at 320. "'[N]ewly discovered evidence' is grounds for relief in a personal restraint proceeding only if '[m]aterial facts exist which have not been previously presented and heard, which in the interest of justice require vacation of the conviction [or] sentence . . .'" *In re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 493, 789 P.2d 731 (1990) (quoting RAP 16.4(c)(3)).

The newly discovered evidence here—Hubbard's new status as a parent—meets this standard. Had Hubbard been a biological parent to a non-victim child at the time of sentencing, the trial court would have considered whether the community custody condition prohibiting all contact with minors was reasonably necessary balanced against Hubbard's fundamental right to parent. It is undisputed that this evidence was discovered after trial and that it was not discoverable before trial, as Hubbard did not become a biological parent until 15 years later.

---

[1] The trial court did not grant Hubbard's motion on the basis that it was timely under RCW 10.73.100(1)'s newly discovered evidence exception. But we can affirm the superior court on any grounds supported by the record. *State v. Streepy*, 199 Wn. App. 487, 500, 400 P.3d 339 (2017).

No. 55584-1-II

Further, Hubbard's new status as a biological parent is material to whether the community custody conditions are constitutional. And the new evidence is not cumulative nor impeaching.

Moreover, the newly discovered evidence here—Hubbard's new status as a parent—requires modification of the sentence in the interest of justice. "[T]he right to the care, custody, and companionship of one's children constitutes a fundamental constitutional right, so sentencing conditions burdening this right 'must be sensitively imposed so that they are reasonably necessary to accomplish the essential needs of the State and public order.'" *McGuire*, 12 Wn. App. 2d at 95 (quoting *Rainey*, 168 Wn.2d at 377 (internal quotations omitted)). In the 15 years since his conviction, Hubbard has completed his prison sentence, completed sex offender treatment, obtained and maintained employment and housing, and re-married and had a child. He has not been charged with any additional offenses and has substantially complied with the terms of his community custody.

Accordingly, because Hubbard's motion is based upon newly discovered evidence, his CrR 7.8 motion is not time barred.

## II. THE TRIAL COURT'S AUTHORITY

The State also argues that the trial court lacked authority to modify the conditions of Hubbard's community custody. We disagree.

The superior court has authority, on motion and upon such terms as are just, to relieve a party from a final judgment for "'[a]ny other reason justifying relief from the operation of the judgment.'" *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011) (alteration in original) (quoting CrR 7.8(b)(5)). Final judgments should be vacated or altered "only in those limited circumstances, "where the interests of justice most urgently require." *State v. Shove*, 113 Wn.2d

5

No. 55584-1-II

83, 88, 776 P.2d 132 (1989). "A violation of a fundamental constitutional right, such as the right to parent, would be a reason to justify relief." *State v. McGuire*, 12 Wn. App. 2d 88, 94, 456 P.3d 1193 (2020). "CrR 7.8(b)(5) will not apply when the circumstances used to justify the relief existed at the time the judgment was entered." *Smith*, 159 Wn. App. at 700.

We review a trial court's decision on a CrR 7.8(b)(5) motion for abuse of discretion. *State v. Bratton*, 193 Wn. App. 561, 563, 374 P.3d 178 (2016). "A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds." *Bratton*, 193 Wn. App. at 563.

The State contends that this case is nearly identical to our recent unpublished opinion in *State v. Hoch*.[2] *Hoch* is instructive but easily distinguishable. There, Hoch appealed the trial court's denial of his CrR 7.8 motion to modify the conditions of his community custody arguing that the prohibition against having contact with any minors violated his fundamental right to the care and companionship of his biological children. *Hoch*, No. 52256-0-II, slip op. at 1. We held that the trial court lacked the authority to modify the conditions of his custody because Hoch did not establish that the circumstances he used to justify relief did not exist at the time the judgment was entered. *Hoch*, No. 52256-0-II, slip op. at 8. Specifically, we noted that Hoch failed to show that his children did not exist or that he had no parental rights to protect at the time the judgment was entered. *Hoch*, No. 52256-0-II, slip op. at 8.

---

[2] *State v. Hoch*, No. 52256-0-II (Wash. Ct. App. June 2, 2020), https://www.courts.wa.gov/opinions/pdf/D2%2052256-0-II%20Unpublished%20Opinion.pdf. Unpublished opinions filed on or after March 1, 2013, may be cited as persuasive authority per GR 14.1.

No. 55584-1-II

Here, unlike in *Hoch*, it is well established that Hubbard did not have any biological children at the time the trial court entered his judgment and sentence in 2005. Hubbard had no parental rights to protect until the birth of his child in 2020. The facts of this case are more similar to *McGuire*, 12 Wn. App. 2d at 88. There, we held that McGuire was entitled to relief under CrR 7.8(b)(5) from a no contact order prohibiting him from contacting the mother of his child under any circumstances where the child had not yet been born when the no contact order was entered. *McGuire*, 12 Wn. App. 2d at 93-95.

Because Hubbard's argument to modify the community custody condition involved a fundamental constitutional right to parent, which did not exist at the time the judgment was entered, CrR 7.8(b)(5) applies, and the trial court had the authority to exercise its discretion. We affirm.

_____
Worswick, J.

We concur:

_____
Maxa, J.

_____
Nevin, J. Pro Tempore[*]

---

[*] Judge Nevin is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

7